[Civ. No. 6879. Third Dist. May 27, 1943.]

THE PEOPLE ex rel. BARBARA ELOISE POLLOCK et al., Wards of the Juvenile Court, Respondents, v. VIRGINIA BOGART, Appellant.

George E. Foote for Appellant.

Otis D. Babcock, District Attorney, Elvin F. Sheehy, Assistant District Attorney, and Bradford, Cross & Prior for Respondents.

PEEK, J.—This is an appeal from an order denying a motion to vacate and set aside orders declaring that the three minor grandchildren of appellant were wards of the juvenile court and committing them to separate foster homes.

The proceedings were instituted on April 28, 1941, by Ethelwyn Pollock, the mother of Georgia, Ethelwyn and Barbara, aged six, four and three years respectively, by the filing of a petition wherein she alleged that the children came within the provisions of subdivision (c) of section 700 of the Welfare and Institutions Code in that they were not provided with the necessities of life by their parents, and praying that they be adjudged wards of the juvenile court. The petition also alleged that the mother had been awarded the custody of the children in a previous divorce action, and that she and the children resided at the same address as the appellant in the city of Sacramento.

At the hearing on the mother's petition the court found that all of the facts contained therein were true; that each child came within the terms of subdivision (c) of section 700 of said code. The children were adjudged wards of the juvenile court, and, by separate commitments dated May 2, May 5, and June 6, 1941, were committed to different foster homes.

Approximately a year later, on the 7th day of May, 1942, and long after the time for appeal had elapsed, appellant moved the court to vacate and set aside the orders on the ground that the court was without jurisdiction, that at the time of the foregoing proceedings and for a long time prior thereto the minors were in her care and custody, and although she was their grandmother she was not served with notice of said proceedings, and that the minors did not come within any of the provisions of section 700 or 701 of the Wel-

fare and Institutions Code. At the conclusion of the hearing of said petition the trial court, in its findings, properly followed the directions set forth in section 735 of the said code, and found that the record was silent as to the actual giving of notice; that the record was also silent as to who had the custody of the children twenty-four hours prior to the hearing, yet it could not be presumed (*Canadian & American Mortgage & Trust Co.* v. *Clarita Land & Investment Co.*, 140 Cal. 672 [74 P. 301]) that notice was not properly given in view of the recital in the orders that "due and legal notice" had been given to "all parties entitled thereto"; that no appeal was taken from the orders and that the same had become final, and that more than six months had elapsed since the making and entry of said orders and commitments. The appellant's offer of proof in rebuttal to the findings was refused on the ground that such motion constituted a collateral attack on the judgment; that therefore "the court is limited to an inspection of the record only, which appears valid on its face" and further that petitioner "is not a person having an interest in the proceeding who could attack said orders and commitments."

The appellant in her brief enlarges upon the allegations set forth in her petition before the trial court, alleging that as the grandmother and as the one who had the custody of the children, she was entitled to notice of the hearing; that it cannot be presumed that she was served with a citation; that the juvenile court had continuing jurisdiction, and that her motion to vacate the judgment was not a collateral attack upon it.

In view of the long line of decisions in this state bearing both directly and indirectly upon the question raised in appellant's first contention, our answer must be in the negative. The only provision in said act as regards one upon whom service of citation shall be made is contained in subdivision (b) of section 722 and section 726. The first mentioned section (subdivision [b] of section 722) provides that the verified petition shall contain the names and residences, if known to petitioner, of the parents or guardian of such person. Section 726 provides only that a citation shall issue to the parent or guardian or other person having the custody or control of the person concerning whom the petition is filed. In the original petition it appears that by reason of a previous order of the court the mother had been awarded

the legal custody of the children, and at the time of the filing of the petition she and the children were living at the same address as appellant.

Appellant's petition is entirely devoid of contradiction insofar as the facts appearing in the mother's petition are concerned. The mere statement by appellant that the children were with her in her home and under her care and custody is of no value as against the allegation (and presumed proof before the trial court) of actual legal custody in the mother.

Therefore in view of such uncontradicted facts so appearing upon the face of the record we do not feel that appellant was a necessary party upon whom service of citation was a jurisdictional prerequisite, and not being a parent or guardian of the minors nor in anywise having legal custody of them, appellant is not a person having an interest in the proceeding as contemplated by the Welfare and Institutions Code.

The trial court's finding that the fact of service as stated in the record and not the proof of service was the essential element, is a complete answer to appellant's second contention. (*Estate of Eikerenkotter*, 126 Cal. 54 [58 P. 370].)

It is a further contention of appellant that because the juvenile court is one of continuing jurisdiction until the ward attains the age of 21 years, and that by virtue of the provisions of section 745 of said code, any order made under section 700 may be changed or modified at any time in the discretion of the court, that therefore, the court should have heard appellant's motion on the merits. Appellant fails to consider the rule that after the time for appeal has elapsed and after the six months' period as set forth in section 473 of the Code of Civil Procedure has expired, then any attack upon such order is a direct attack upon the judgment itself, and unless some fatal error appears upon the face of the record the petitioner is precluded from proceeding further. There are no facts alleged in appellant's petition tending to show there has been a change in the status of the parties or the welfare of the minors since the commitments were made and entered which would demand a modification or vacation of such orders by the trial court. Because of the time of the filing of appellant's petition the determination thereof must be decided in the light of what appears upon the face of the record, and appellant has not directed our attention to a

single circumstance other than as herein mentioned, which would justify a hearing on the merits.

Lastly, appellant states "that this is not a collateral attack upon the judgment" and rests her case on such statement. It has already been noted that unless the invalidity of a judgment is apparent from an inspection of the record the court is powerless to vacate such order. Although this general principle is subject to certain exceptions, none, however, appears in the present case.

The record shows nothing contradictory of, or inconsistent with, the recital in the original order of the court, and therefore it must be accepted as at least prima facie truth, and all presumptions not contradicted by, or inconsistent with, the record are in favor of the judgment. (*Lyons* v. *Roach*, 84 Cal. 27 [23 P. 1026].) It logically follows that appellant's offer of proof was properly refused by the court on the ground that such motion constituted a collateral attack upon the judgment.

Appellant fails to consider the distinction between collateral and direct attacks upon a judgment, which is, "that in the former the record alone can be inspected and is conclusively presumed to be correct, while on direct attack the true facts may be shown and thus the judgment itself on appeal may be reversed or modified." (*Lyons* v. *Roach, supra.*)

The result of this well settled rule is that unless the invalidity of a judgment is apparent from the record, the court rendering it, in the absence of an application made within the time specified in section 473 of the Code of Civil Procedure, is powerless to make any order modifying or vacating the judgment. The sole remedy of the aggrieved party can be found only in a new action. (*People* v. *Davis*, 143 Cal. 673, 675 [77 P. 651].)

No contention has been made by either of the parties as regards the timeliness of appellant's petition (*People* v. *Davis, supra; Richert* v. *Benson Lumber Co.*, 139 Cal.App. 671 [34 P.2d 840]; *Hall* v. *Imperial Water Co.*, 200 Cal. 77 [251 P. 912]; *Smith* v. *Jones*, 174 Cal. 513 [163 P. 890]), therefore we do not feel that it is incumbent upon this court to inject in this appeal (other than as already mentioned) what undoubtedly is a further fatal defect in appellant's case.

The order is affirmed.

Thompson, J., and Adams, P. J., concurred.