[Civ. Nos. 18043, 18171, Fourth Dist., Div. One. Apr. 4, 1979.]

In re STEVEN S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
STEVEN S., Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and J. Perry Langford for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EHRENFREUND, J.\***—After a San Diego Juvenile Court referee found Steven S. in violation of Penal Code section 245, subdivision (a), assault with a deadly weapon, and committed him to the California Youth Authority, Steven's counsel sought to present new evidence on identification. The judge treated the request as a motion for new trial and refused to hear it on grounds the juvenile court lacks authority to grant such a motion. In these two consolidated appeals, Steven's only contention is the motion should have been treated as coming under Welfare and Institutions Code sections 775[1] and 778[2] providing for a hearing to change or set

---

\*Assigned by the Chairperson of the Judicial Council.

[1] Welfare and Institutions Code section 775 provides: "Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article."

[2] Welfare and Institutions Code section 778 provides: "Any parent or other person having an interest in a child who is a ward of the juvenile court or the child himself through a properly appointed guardian may, upon grounds of change of circumstance or

aside a juvenile court order on the basis of new evidence and that he was denied his right to such a hearing.

The facts presented at the jurisdictional hearing are relevant in considering the significance of the offered new evidence: The victim, Egelhoff, and a friend, Reid, were in Egelhoff's van near the Oceanside pier. A crowd started pounding on the van. Reid hopped out and about five persons grabbed him. When Egelhoff got out of the van, he was also grabbed and attacked by five or six others. The young man who grabbed Egelhoff, held him in a headlock and said: "Give me my knife. I got to stab this one too." He stabbed Egelhoff who fell to the ground. As he was getting up, the young man told Egelhoff to get out of there or he would kill him. Egelhoff identified Steven as the person who stabbed him and made the statements. The court used both statements in identifying Steven as the assailant and in determining the degree of the crime.

The new evidence which Steven's counsel sought to introduce was statements made by Egelhoff while testifying in the Oceanside Municipal Court after the jurisdictional hearing. Counsel wanted to show that a man named Rosales had made the second statement Egelhoff had accused Steven of making, and further that Rosales was the only person Egelhoff could recall in the area when the statement was made. Counsel offered this testimony as new evidence which cast doubt on Egelhoff's identification of Steven. She titled her request a notice of appeal, motion for new trial and a request to stay judgment. The last paragraph of her written motion stated: "Defendant minor Steven S. also prays the above-entitled court for an Order Staying Execution of Judgment pending his appeal and his new trial, or in the alternative an order modifying or setting aside the order already entered in the matter. *This last request is made pursuant to the above entitled Court's powers under Sections 775, 778 and Section 800 of the California Welfare and Institutions Code.*" (Italics added.) The motion included excerpts from Egelhoff's sworn testimony in the

new evidence, petition the court in the same action in which the child was found to be a ward of the juvenile court for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition shall be verified, and, if made by a person other than the child, shall state the petitioner's relationship to or interest in the child and shall set forth in concise language any change of circumstance or new evidence which are alleged to require such change of order or termination of jurisdiction.

"If it appears that the best interests of the child may be promoted by the proposed change of order or termination of jurisdiction, the court shall order that a hearing be held and shall give prior notice, or cause prior notice to be given, to such persons and by such means as prescribed by Sections 776 and 779, and, in such instances as the means of giving notice is not prescribed by such sections, then by such means as the court prescribes."

Oceanside court. When informed by the court there was no provision for a motion for new trial in juvenile court, counsel replied: "Pursuant to the Welfare and Institutions Code Section 778, I believe there is a reference made to new evidence, and that is why the third part of my request was a request to stay judgment which would be a modification."

"THE COURT: . . . There is just no provision for a motion for new trial, period. You could be bringing all kinds of motions for this and that and the other, but there is just no provision for a new trial.

"COUNSEL: I know.

"THE COURT: If you want new legislature [*sic*], get your legislator and go up and have him amend the law and make a provision for the next people.

"COUNSEL: So there is no adequate legal remedy?

"THE COURT: I do not know about that. You can argue that someplace, but I cannot help you. I just can't help you.

" . . . . . . . . . . . . . .

"COUNSEL: There is a provision in the Juvenile Court for a rehearing.

"THE COURT: Don't tell me that. You are asking for a motion for a new trial, and there is no provision for a motion for a new trial, period.

"COUNSEL: Would you hear me, then, on a motion to stay judgment at this point based on newly-discovered evidence? . . ."

Her request was denied. Although counsel incorrectly moved for a new trial, she properly moved for a section 778 modification in the alternative. Her references to Welfare and Institutions Code section 778 and her expressed desire to present new evidence should have sufficiently alerted the court she was trying to modify or set aside the court's order, which she had a statutory right to do. (*In re Corey* (1964) 230 Cal.App.2d 813, 832 [41 Cal.Rptr. 379]; see also Cal. Rules of Court, rule 1393.) The court had a duty to at least consider the facts before deciding whether to grant or deny the motion.

By refusing to hear the motion, the court ruled out any possibility of introducing evidence on the key issue of identification. We are long past the day when procedural niceties take precedence over fundamental fairness. Steven S. was deprived of his right to due process and the error

is prejudicial *(Chapman* v. *California* (1966) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

The order denying appellant's motion under Welfare and Institutions Code section 778 is reversed and the matter is remanded to the juvenile court for further proceedings consistent with this opinion.

Cologne, Acting P. J., and Staniforth, J., concurred.