[No. B019240. Second Dist., Div. Four. Sept. 12, 1986.]

CHESTER ANSLEY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN'S
SERVICES, Real Party in Interest.

COUNSEL

Elaine S. Rosen for Petitioner.

No appearance for Respondent.

De Witt W. Clinton, County Counsel, and Sterling Honea, Deputy County Counsel, for Real Party in Interest.

OPINION

**WOODS, P. J.**—This original proceeding in mandate was commenced by the natural father of a dependent child of the juvenile court (Welf. & Inst.

Code, § 300 et seq.)[1] seeking to compel that court to hear the merits of his section 388 petition. His petition contended that lack of due process notice to him of the dependency proceeding was a defect in jurisdiction requiring setting aside the dependency judgment.

The question presented is whether a parent claiming lack of due process notice of a juvenile dependency petition can challenge the resulting dependency judgment by filing a petition pursuant to section 388 in the same dependency proceedings.

For the reasons discussed herein, we conclude that section 388 provides a parent the right to such a challenge.

The material facts are simple and not in dispute.

On August 22, 1983, real party, Los Angeles County Department of Children's Services (Department), filed a petition pursuant to section 300 to declare petitioner's minor child, born December 31, 1981, a dependent of the court (the section 300 petition). The section 300 petition proceeded under case No. J 945696.

The section 300 petition alleged neglect of the child by the natural mother, from whose custody the child was taken on August 18, 1983. The section 300 petition stated that the present address of the natural father, petitioner in these proceedings, was unknown. The mother's address was known, and she was given effective notice.

There is no evidence on the record that the Department made any attempt to serve petitioner with notice of the proceedings. He made no appearance in the dependency proceedings.

On October 20, 1983, judgment was entered pursuant to section 360, subdivision (c), adjudicating the minor a dependent child of the juvenile court and ordering continued placement in a foster home.

On December 10, 1984, an order issued in the dependency case setting a "Permanent Planning Hearing" pursuant to section 366.25.

On June 4, 1985, the Department commenced case No. A 15191 by filing a petition pursuant to Civil Code section 232 seeking to terminate parental custody and control of the minor (the section 232 petition). The petition alleged three grounds for termination under section 232: (1) intentional

---

[1]All statutory codes pertain to the Welfare and Institutions Code unless otherwise noted.

abandonment—(subd. (a)(1)); (2) parental cruelty or neglect and deprivation of custody for one year—(subd. (a)(2)); and (3) placement of the child in out-of-home care for one year—(subd. (a)(7)).

Petitioner received service of a citation on the section 232 petition (case No. A 15191) by mail posted to a San Diego address in care of his mother.

On August 8, 1985, petitioner appeared in the termination proceedings and announced his challenge to the underlying dependency status of his daughter. He averred that he was neither served with notice of the dependency proceeding, nor had the Department undertaken a due process effort to notify him.

On August 18, 1985, petitioner filed a petition pursuant to section 388 (the section 388 petition) in the dependency proceedings seeking to vacate the dependency judgment. The petition repeated petitioner's claims that he had never received notice of the section 300 proceedings, and that the Department failed to make sufficient efforts to effect such notice as to satisfy due process. On the basis of this "new evidence" of lack of jurisdiction, he prayed that the dependency judgment be set aside as to him.

On September 5, 1985, the court issued notice that the section 388 petition had been judicially approved for hearing and set September 10 as the hearing date. (See § 388, 2d par., and Cal. Rules of Court, rule 1393(b), (c), (d) and (e).)

On September 10, 1985, Judge Boland granted petitioner's petition and set aside the dependency adjudication. He found that the Department had made no effort to locate or serve petitioner in any manner with notice of the dependency petition. He ordered a new dependency adjudication hearing and vacated the date set for the termination hearing. The Department appeared at that September 10 hearing.

However, by ex parte, sua sponte minute order dated September 13, 1985, Judge Boland vacated the September 10 order on the ground that neither the natural mother nor the Division of Adoptions had been given notice of the section 388 hearing.

On November 8, 1985, petitioner filed a new section 388 petition. The new petition repeated the allegations of lack of notice to petitioner. It alleged additional facts supporting this claim.

By order of November 8, 1985, Judge James P. Natoli approved the new section 388 petition for an adjudication hearing on December 31, 1985.

At the hearing on December 31, 1985, Judge Tucker denied the section 388 petition, stating that the language of section 388—"change of circumstances or new evidence"—permits motions based upon ". . . a change of circumstances of a child" only. He suggested that petitioner file a motion in the pending termination proceedings (case No. A 15191) seeking to strike the dependency adjudication allegations therein on the same due process grounds.

On January 9, 1986, petitioner filed a "Motion to Dismiss" in the termination proceedings (case No. A 15191), asserting the same lack of due process notice.

That motion was denied by Judge Natoli on February 21, 1986, under authority of *In re Mark K.* (1984) 159 Cal.App.3d 94 [205 Cal.Rptr. 393]. *Mark K.* holds that summary adjudication of issues is prohibited in termination of parental custody proceedings.

On March 3, 1986, petitioner filed the present petition for mandate. We issued the alternative writ and temporarily stayed the adjudication hearing in the termination proceedings.

I

Petitioner challenges the 1983 dependency judgment claiming that absence of due process notice to him was a defect in jurisdiction rendering the judgment void. His claim is well-founded in the case law. It is settled beyond dispute that if a parent proves the absence of due process notice to him in juvenile dependency proceedings a "fatal defect" exists in the jurisdiction of the juvenile court to have entered the dependency judgment. (*In re B.G.* (1974) 11 Cal.3d 679, 688-689 [114 Cal.Rptr. 444, 523 P.2d 244]; *In re Antonio F.* (1978) 78 Cal.App.3d 440 [144 Cal.Rptr. 466].) The novel question presented here is whether this attack on jurisdiction can be made by way of a section 388 petition. If it can, and petitioner is entitled to a hearing on the merits of his petition, the dependency judgment would have to be set aside should he prevail.

*In re Antonio F., supra,* 78 Cal.App.3d 440, involved a total lack of due diligence to locate and notify a parent of a section 300 dependency petition. The circumstances were very similar to those alleged by petitioner below. The appellate court held that the parents' right to the custody of their children is one of the most fundamental of civil rights and is protected by the general principles of due process notice enunciated in *Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314-316 [99 L.Ed. 865, 873-875, 70 S.Ct. 652]. (*Id.,* at pp. 447-448.) *Antonio F.* went on to hold that a dependency

judgment must be set aside upon a parent's demonstration that it is void for lack of due process notice. (*Id.*, at pp. 450-451.)

Petitioner urges that *Antonio F.* supports his right to set aside the dependency judgment by way of his section 388 petition. However, *Antonio F.* did not involve a parental challenge to a dependency judgment via a section 388 petition in the dependency proceedings. Rather, the procedural posture of *Antonio F.* was of a parent defending against a Civil Code section 232 petition for termination of parental rights which was based upon a prior dependency judgment.

*Antonio F.* derived its due process analysis from *In re B.G., supra,* 11 Cal.3d 679, which established the applicability of due process notice principles to juvenile court dependency judgments. *In re B.G.* concerned a due process notice defect in a dependency judgment in the context of a statutorily mandated periodic status review hearing (now mandated by §§ 366 and 366.2). The Supreme Court pointed out that a "fatal defect" existed in the dependency judgment due to the total lack of effort to give due process notice to the mother. (*Id.*, at p. 689.) However, the Supreme Court ultimately held that the mother's formal election to acknowledge the dependency judgment and request modification of the dispositional order at the status review hearing constituted a waiver, precluding a jurisdictional challenge based on otherwise applicable due process principles.

We now turn to the dispositive question of whether the jurisdictional due process notice defect may be raised by means of a section 388 petition.

## II

Section 388 provides: "Any parent or other person having an interest in a child who is a dependent child of the juvenile court or the child himself through a properly appointed guardian may, upon *grounds of change of circumstance or new evidence,* petition the court *in the same action* in which the child was found to be a dependent child of the juvenile court for a hearing to change, modify, *or set aside any order of court previously made or to terminate the jurisdiction of the court.* The petition shall be verified and, if made by a person other than the child, shall state the petitioner's relationship to or interest in the child and shall set forth in concise language *any change of circumstance or new evidence* which are alleged to require such change of order or termination of jurisdiction.

"If it appears that the best interests of the child may be promoted by the proposed change of order or termination of jurisdiction, the court shall order that a hearing be held and shall give prior notice, or cause prior notice to

be given, to such persons and by such means as prescribed by Section 386, and, in such instances as the means of giving notice is not prescribed by such sections, then by such means as the court prescribes." (Italics added.)

The language of section 385, which is to be read in conjunction with the language of section 388 (*In re Corey* (1964) 230 Cal.App.2d 813, 832 [41 Cal.Rptr. 379]),[2] provides: "Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article."

The disjunctive language of section 388 ("ground of change of circumstance *or* new evidence") reflects the Legislature's intention to state two separate grounds for setting aside or modifying a dependency judgment or dispositional order. Neither ground is restricted to the subject child by the statute itself; the change in circumstances could apply to those of the noncustodial parents. Likewise, the noncustodial parents could also be the source of the new evidence which is the second ground stated by section 388. However, the change of circumstances or new evidence must be of such significant nature that it requires a setting aside or modification of the challenged prior order.

When the language of a statute is clear, its plain meaning should be followed, without reading unspecified restrictions into it, unless to do so would lead to an absurd result. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155-156 [137 Cal.Rptr. 154, 561 P.2d 244]; *In re Andrews* (1976) 18 Cal.3d 208, 212-213 [133 Cal.Rptr. 365, 555 P.2d 97].) It cannot be seriously contended that accepting the plain language of section 388 would lead to an absurd result here. Moreover, case law interpreting a parallel statute, section 778, does not support the limitation upon section 388 imposed by respondent.

---

[2]Both sections 385 and 388 were added to the code in 1976. (Stats. 1976, ch. 1068, § 12, p. 4779.) They control dependency proceedings wherein a child is under juvenile court jurisdiction due to some neglect, abandonment, or other conduct of parents or guardians. They are derived from and contain language identical to sections 775 and 778, respectively. Sections 775 and 778 are the analogs of these two statutes in the parallel area of juvenile wardship proceedings based upon a minor's violation of law (as defined in § 602) or upon the minor's habitual disobedience of his parents or custodians (as defined in § 601).

When restructuring of the code occurred in 1976 to provide separate statutory schemes for dependency and wardship proceedings, the text of sections 775 and 778 was duplicated in the new sections 385 and 388. (Stats. 1961, ch. 1616, § 2, pp. 3491-3492; Stats. 1961, ch. 1616, § 2, p. 3492; amended by Stats. 1963, ch. 917, § 11, p. 2168 and Stats. 1976, ch. 1068, § 69, p. 4795.)

The two pairs of statutes thus provide identical guidelines in dependency and wardship proceedings, respectively. Cases construing sections 785 and 788 prior to enactment of sections 385 and 388 are accordingly viewed as applicable to the new sections.

 Respondent's ruling that section 388 limits motions to "new evidence" relating only to ". . . a change in circumstances of the dependent child . . ." is squarely contrary to the holdings of reported cases.

In *In re Steven S.* (1979) 91 Cal.App.3d 604 [154 Cal.Rptr. 196], the minor was adjudicated to be a ward of the court for commission of a felony (pursuant to § 602). After judgment, the minor's counsel filed a motion in that proceeding seeking a new trial on the ground of "new evidence" challenging the identification of the child as the perpetrator. The motion also sought to vacate the judgment under authority of sections 775 and 778. The juvenile court ruled that sections 775 and 778 (which, as noted, *supra,* are identical to §§ 385 and 388, respectively) did not authorize challenges to the original jurisdictional judgment of wardship and refused to consider the motion on the merits. It was held on appeal that the juvenile court erred. Both sections 775 and 778 were held to contemplate challenges to the dependency judgment on the basis of "new evidence" going to the validity of the initial jurisdictional judgment. Refusal to hear the merits of the new evidence was a prejudicial denial of the minor's due process rights.

Similarly, *In re Corey* (1964) 230 Cal.App.2d 813, 832 [41 Cal.Rptr. 379], involved a petition pursuant to sections 775 and 778 that challenged a wardship judgment on the basis of "new evidence" that a third party subsequently confessed to the offense. On appeal from denial of the petition to set aside the judgment, the *Corey* court determined that such a challenge to the judgment was statutorily authorized and it reviewed the order of denial on its merits for substantial supporting evidence on the record.

Hence, both *Steven S.* and *In re Corey* hold that new evidence challenging jurisdictional facts upon which a dependency judgment rests is a proper ground for challenging the judgment under sections 775 and 778. Given that sections 388 and 385 are derived from and identical to sections 778 and 775, respectively, and since these statutes perform identical functions, it follows that "new evidence" showing absence of jurisdictional notice necessary to support a dependency judgment is also an appropriate ground for a section 388 petition.

*People* ex rel. *Pollock* v. *Bogart* (1943) 58 Cal.App.2d 831 [138 P.2d 360], provides further support for this conclusion. There a grandmother brought a motion under former section 745[3] (the predecessor of § 385

---

[3]Former section 745, effective at the time *Bogart* was decided, was substantively identical in text to current sections 385 and 775. It provided: "Any order made by the court in the case of any person subject to its jurisdiction under the provisions of section 700 may at any time be changed, modified, or set aside, as the judge deems meet and proper." (Stats. 1937, ch. 369, § 745, p. 1040.)

providing for motions to modify or set aside dependency judgments) to set aside a dependency judgment based on neglect contending that she was a person entitled to, but not given, notice.

The *Bogart* court held that the record in the dependency proceedings showed that the grandmother was not a parent, guardian, or person having legal custody of the minor at the time the dependency proceedings were commenced. The controlling statute did not require notice to her. (*Id.*, at pp. 834-835.) Thus, the jurisdiction of the court to enter the judgment was not divested by the absence of any attempt to give her notice. *Bogart* implicitly recognizes the standing of a party entitled to notice to attack a juvenile dependency judgment on the ground of lack of notice in that same proceeding.

The propriety of a postjudgment due process challenge in juvenile dependency proceedings is also discussed in *In re B.G., supra,* 11 Cal.3d 679. There, the first time the natural mother received notice of the dependency proceedings was when she got notice of a postjudgment periodic status review hearing. She appeared and elected to acknowledge the dependency court's jurisdiction by requesting a modification of placement of the children to her. The *B.G.* court pointed out that the lack of any effort to notify the mother of the original dependency petition constituted a "fatal defect" in the juvenile dependency judgment under well established principles of due process. However, it held that the mother's formal consent to jurisdiction and participation in the periodic review hearing effected a waiver of her entitlement to assert this meritorious challenge to the underlying dependency judgment.

*In re B.G.* involved a due process notice challenge in dependency periodic review proceedings under former section 729 (now controlled by §§ 366 and 366.25), while our petitioner asserts his challenge by a section 388 petition. This distinction is not material. Periodic status reviews and section 388 proceedings each occur in postjudgment section 300 dependency proceedings. ■ The juvenile court has continuing jurisdiction to modify or set aside any of its previous orders or judgments until the dependent minor attains 21 years of age or is otherwise removed from juvenile court jurisdiction. (See §§ 301 and 390.)

There is no apparent reason why the law should allow a parent to raise a due process challenge based on inadequate notice in a periodic review proceeding but not by a section 388 petition. The defined scope of section 388 is patently broader than that of former section 729. Former section 729 was (and present §§ 366 and 366.25 are) concerned with review of current circumstances.

■ Finally, the reasonableness of construing section 388 as we do is supported by consideration of the general rule that a judgment void for lack of due process notice or extrinsic fraud is subject to attack at any time in a proceeding or action initiated for that purpose. (See *Stern* v. *Judson* (1912) 163 Cal. 726, 735-736 [127 P. 38]; *Parsons* v. *Weis* (1904) 144 Cal. 410, 416 [77 P. 1007]; *City of Los Angeles* v. *Morgan* (1951) 105 Cal.App.2d 726, 730-731 [234 P.2d 319].)

It was a clear abuse of discretion for respondent to have refused to consider the merits of the section 388 petition.

### III

Real party's return wholly fails to address the determinative issue of the standing of a parent to utilize section 388 to vacate a section 360 dependency judgment on "new evidence."

### A.

Real party's first contention is that the alternative writ should not issue because section 1068 of the Code of Civil Procedure provides that a "writ of review" may not issue where there is an appeal available. Section 395 provides for the appealability of orders made after a section 300 judgment.

The short answer to this claim is that this court did not issue a writ of review (certiorari) pursuant to section 1068. Rather, this is a proceeding in mandate pursuant to section 1086 of the Code of Civil Procedure. ■ Section 1086 and case law establish that mandate may issue if the alternative remedy of appeal is deemed to be inadequate. (*Provencher* v. *Municipal Court* (1978) 83 Cal.App.3d 132, 133-134 [147 Cal.Rptr. 615]; *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 128-129 [142 Cal.Rptr. 325].) Issuance of the alternative writ is a conclusive determination that appeal is an inadequate remedy. (*Greene* v. *Superior Court* (1961) 55 Cal.2d 403, 405 [10 Cal.Rptr. 817, 359 P.2d 249]; *Brown* v. *Superior Court* (1971) 5 Cal.3d 509, 515 [96 Cal.Rptr. 584, 487 P.2d 1224].)

Petitioner's delay in seeking appellate relief is directly attributable to the ruling of the judge who denied the motion to vacate the dependency judgment in the section 300 proceeding and directed petitioner to file a similar motion in the pending termination proceedings.

### B.

■ Real party's second contention is that public policy underlying section 232 favors trial of parental termination proceedings within 45 days of filing of the petition. This argument is irrelevant.

The delay in adjudication of the underlying termination petition arises from respondent's erroneous refusal to hear the merits of the section 388 petition in December 1985. This court issued its alternative writ giving respondent the alternative of proceeding immediately according to law by adjudicating petitioner's section 388 motion on its merits. Respondent chose not to conduct such a speedy hearing and thus forced the hearing on the termination petition to be delayed pending the conclusion of this mandate proceeding. Dismissing the mandate proceeding at this time would be unfounded and dysfunctional to the interests of justice and of the subject minor.

### C.

■ Real party argues some facts concerning the substantive issue of whether due diligence was employed to locate petitioner and give notice of the dependency proceedings in 1983. Real party alleges that petitioner who went to Texas that year, shortly after his arrest in connection with allegations of attempted violence against the mother, intentionally left no forwarding address.

From these accusations of bad character and conduct of petitioner, real party appears to suggest that the issue of its due diligence should be summarily resolved against petitioner in this mandate proceeding. We are unable to discern the relevance of these fact allegations to the critical procedural question at hand. Nor does the coincidental fact that the underlying section 232 proceeding rests upon the validity of the prior section 360 judgment obviate the important question of whether petitioner has standing to challenge the judgment in the dependency proceeding itself.

### D.

■ Real party objects to the verification of the petition as defective, citing, without specification, Code of Civil Procedure sections 1069, 446, and 2015.5.

It is true that the verification is improperly qualified by the reservation that it verifies upon personal knowledge only those facts that are not "supported by citations to the record, exhibits or other documents." However, no critical facts that are improperly verified are directly disputed by real party's return or necessary to determination of this proceeding in mandate.

Real party also asserts that the petition contains numerous "untruths and half-truths" in an unstructured narrative form which renders an answer by real party "impractical." No specification is made of the material fact

allegations denied by real party. As was shown in the preceding discussion on the critical issue concerning section 388, there is no significant dispute concerning the material facts.

### E.

Neither is there merit in real party's argument that because the section 232 proceedings are necessarily preliminary to allowing adoption or other suitable placement of a minor it follows that the section 232 proceedings are independent of the issue of section 300 dependency status.

Real party ignores the critical point that one of the grounds upon which its section 232 petition is based is that a valid section 300 adjudication exists establishing that the child was an abandoned dependent of the juvenile court for a period of one year. The issue of the one-year period of valid section 300 dependency is thus integral to the section 232 proceedings. The sole question here is whether petitioner had a right to an adjudication on the merits of his motion under section 388.

### F.

There is no merit in the contention that respondent validly refused to hear the merits of the section 388 motion because the second paragraph of that statute provides that a hearing must be held only ". . . if it appears that the best interests of the child may be promoted by the proposed change of order or termination of jurisdiction."

First, the proviso of this second paragraph refers to the initial, prehearing judicial determination of probable cause to set the section 388 petition for hearing, not to the ultimate criterion for granting the motion on its merits. As recited in the statement of facts herein, this proviso was satisfied twice by orders of the juvenile court stating that the petition had been reviewed and was approved for hearing.

Second, even if the proviso in the second paragraph of section 388 were applicable, a judgment that is proven void due to lack of due process notice suffers from a fatal jurisdictional defect. It may not be perpetuated on the rationale that setting it aside would not, in the court's view, be in the best interests of the child. (*In re B.G., supra,* 11 Cal.3d 679, 688-689; *City of Los Angeles* v. *Morgan, supra,* 105 Cal.App.2d at pp. 730-731.)

Third, it is implicit in the juvenile dependency statutes that it is always in the best interests of a minor to have a dependency adjudication

based upon all material facts and circumstances and the participation of all interested parties entitled to notice.

## IV

Let a peremptory writ of mandate issue directing respondent to vacate its order of December 31, 1985, in Los Angeles Superior Court case No. J 945696, which refused to consider petitioner's petition on the merits, and to thereafter proceed to hear and determine that motion on its merits according to law.

It is further ordered that the temporary stay concerning Los Angeles Superior Court case No. A 15191 shall remain in effect until respondent has fully complied with the directions expressed in this opinion.

McClosky, J., and Arguelles, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied December 3, 1986.