[No. B104954. Second Dist., Div. Two. Apr. 16, 1997.]

In re JAMIKA W., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
LULA MAE S., Defendant and Appellant.

**COUNSEL**

William M. Roth, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt W. Clinton, County Counsel, Frank J. DaVanzo, Deputy County Counsel, and Gary P. Gross for Plaintiff and Respondent.

## OPINION

**FUKUTO, J.**—On August 30, 1994, the Los Angeles County Department of Children and Family Services (DCFS), filed a petition pursuant to Welfare and Institutions Code section 300 (statutory references are to that code unless otherwise indicated) alleging that appellant Lula Mae S., mother of minor, Jamika W., had on numerous occasions left Jamika, then age nine, with various relatives without making provisions for her care and supervision. The petition also alleged that appellant had struck Jamika with a belt and cord, that appellant was a frequent user of cocaine and alcohol, and that appellant had failed to send Jamika to school on a regular basis. On August 31, 1994, following a detention hearing, Jamika was detained in the home of her adult half brother, Jimmy W.[1]

On November 23, 1994, the section 300 petition was sustained as to all allegations. Although she was given notice, appellant did not attend the hearing. The DCFS social worker's report indicated that appellant was developmentally delayed and is addicted to cocaine and alcohol. Appellant has lived with various relatives most of her life and was unable to provide care for herself and Jamika without assistance. The cousin with whom appellant had been living and who reported Jamika's situation to the DCFS, stated that she was left unattended and that appellant was sleeping in a car with a male friend she had known for only two weeks. The social worker also reported that Jimmy W. and his live-in companion appear to be providing very good care for Jamika. Jamika was declared to be a dependent of the court. It was ordered that she continue to reside with Jimmy W. Appellant was ordered to a parenting program and also to participate in a drug counseling program with random testing. It was ordered that appellant have monitored visits with Jamika.

The first six-month review hearing was held on May 31, 1995. Appellant was not present for the hearing although given notice. The social worker reported that appellant had not called or visited Jamika during the past period of supervision. Nor had she complied with court-ordered drug counseling or parenting education. The court ordered that appellant's monitored visits were to continue. The court also reiterated its prior orders that appellant was to participate in a parent education program and drug counseling with random testing.

---

[1]Minor and Jimmy W., age 29, have the same father, George W., now deceased. In the report submitted with the application for the section 300 petition, Jimmy W. was described as having steady employment and the only adult sibling who is responsible.

The second six-month review hearing was held on November 22, 1995. Appellant again did not attend, although noticed. The social worker reported that caretaker Jimmy W. had transported appellant for a visit with Jamika which "went adequately." However, appellant had not initiated any other visits or telephone contact with Jamika. The social worker also reported that appellant had not complied with the court orders of drug counseling or parenting education. The court terminated reunification services and ordered that Jamika be provided permanent placement services. DCFS submitted a permanency planning/assessment report that recommended that Jimmy W. be appointed as Jamika's guardian.

The guardianship hearing took place on March 20, 1996. Appellant not being present, it proceeded as a default hearing. DCFS submitted a report recommending that Jimmy W. be appointed legal guardian. The report indicated that appellant had only visited Jamika two times in the last six to eight months. As to Jimmy W., the report indicated that he has had custody of Jamika since August 1994, without incident. The composition of his home is himself, his fiancée Angela G., Sheayna G., 13 years old, Brandon G., 9 years old, and Jamika. Jimmy W. has his own office-cleaning business and Angela G. works for the City of Los Angeles as a typist. The report noted that Jimmy W. appears to be capable of caring for Jamika's needs and that she is very bonded to Jimmy W. and appears safe and secure in his care. After taking testimony from Jimmy W. and confirming that Jamika was in agreement with the proposed guardianship, the court, without permanently terminating appellant's parental rights, ordered Jimmy W. to be Jamika's legal guardian.

Shortly after the guardianship hearing concluded, appellant appeared in court. The court appointed counsel for appellant but indicated that the matter would not be recalled.

On April 25, 1996, counsel for appellant filed, on appellant's behalf, a petition pursuant to section 388.[2] The petition alleged the following changes of circumstances or new evidence: "1. [Appellant] is participating in a drug

---

[2]Section 388, in pertinent part, states: "Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court or in which a guardianship was ordered pursuant to Section 360 for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition shall be verified and . . . shall state the petitioner's relationship to or interest in the child and shall set forth in concise language any change of circumstance or new evidence which are alleged to require such change of order or termination of jurisdiction. [¶] If it appears that the best interests of the child may be promoted by the proposed change of order . . . the court shall order that a hearing be held . . . ."

recovery program and testing clean. [¶] 2. [Appellant] is receiving Regional Center Services for her developmental delays. [¶] 3. [Appellant] was late to court on [March 20, 1996,] since she relies on assistance for transportation. She has arranged transportation for visits." The petition requested the following modifications: "[Appellant] requests that the court reinstate family reunification services, set aside the default entered on [March 20, 1996], and order reasonable visits." On May 7, 1996, the court ordered the hearing on the petition for modification to be heard on May 22, 1996.

On May 22, 1996, the hearing on the section 388 petition did not proceed because counsel for DCFS contended the section 388 petition was not timely filed. The matter was continued for hearing on whether it was proper to hear a section 388 petition. On August 6, 1996, the court, without any testimony from appellant, vacated its order setting appellant's section 388 petition for hearing as to modification of the guardianship order. The court did permit the section 388 petition hearing to proceed as to appellant's visitation rights.

■ Appellant contends that the order of May 7, 1996, setting a hearing date of May 22, 1996, on her section 388 petition was an order which had become final because there was no request for reconsideration, alleging new facts or law, pursuant to Code of Civil Procedure section 1008, subdivision (a), within 10 days of May 7, 1996, and thus, the court was without authority to vacate it. We do not agree. The court was not acting on a motion for reconsideration, but was correcting an erroneous ruling. Code of Civil Procedure section 1008 does not preclude the action by the court in this case. (*Bernstein* v. *Consolidated American Ins. Co.* (1995) 37 Cal.App.4th 763, 774 [43 Cal.Rptr.2d 817].)

■ Appellant also contends the court abused its discretion when it failed to provide appellant with a section 388 hearing concerning her request for a new guardianship hearing. Section 388 provides that a parent may petition the court for a hearing to change, modify, or set aside any order of the court previously made on the grounds of changed circumstances. It goes on to state: "If it appears that the best interests of the child may be promoted by the proposed change of order . . . the court shall order that a hearing be held . . . ." However, if the petition fails to state a change of circumstances or new evidence that might require a change of order, the court may deny the application ex parte. (Cal. Rules of Court, rule 1432(b).)

Here, after reviewing the section 388 petition, the court denied appellant a hearing as to the guardianship order, noting that it did "not see where there

[was] any showing that it would be in the best interest of [Jamika].[3]" The court was thoroughly familiar with the facts in the case, having presided at each of the hearings. The court was aware that from August 1994, when appellant abandoned Jamika to the care of a relative, to March 20, 1996, the day appellant came to court late, she had very little contact with Jamika. It was also aware that for a year and one-half, appellant did not attend any of the court proceedings, and had failed to follow the court-ordered plan for reunification services (visitation with the minor, participating in and completing a drug counseling program, as well as a parent education program). The court also was advised that Jimmy W. was capably caring for Jamika's needs, that she was very bonded to him and that she was doing quite well. Contrasting this history with the weak and inadequate changes of circumstances alleged in the section 388 petition, the trial court was well within its discretion in denying without hearing the guardianship order. (*Ansley* v. *Superior Court* (1986) 185 Cal.App.3d 477, 485 [229 Cal.Rptr. 771] [under section 388, "the change of circumstances or new evidence must be of such significant nature that it requires a setting aside or modification of the challenged prior order"].) The trial court concluded the best interests of Jamika would not be promoted by modifying the guardianship order. We find no abuse of discretion.

In this matter the court has continued to maintain jurisdiction over Jamika. At some future time, appellant would not be precluded from petitioning anew for modification pursuant to section 388, should there be a sufficient change of circumstance.

The order appealed from is affirmed.

Boren, P. J., and Zebrowski, J., concurred.

---

[3]The court did, however, allow a hearing to revisit the issue of visitation for appellant.