Filed 12/13/21  In re N.R. CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re N.R., a Person Coming Under the Juvenile Court Law. | C093660 |
| YOLO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.R.,<br><br>Defendant and Appellant. | (Super. Ct. No. JV2020152) |

M.R., mother of the minor (mother), appeals from the juvenile court's orders denying her oral and written petitions to modify prior orders.  (Welf. & Inst. Code, §§ 388, 395.)[1]  We will affirm the juvenile court's orders.

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

## BACKGROUND

The 15-year-old minor came to the attention of the Yolo County Health and Human Services Agency (Agency) on June 17, 2020, after the minor reportedly experienced suicidal thoughts and engaged in self-harming behaviors as a result of mother's mental health issues. The minor stated, "If my mother blames me or keeps me isolate[d] in the home anymore I am going to kill myself. I cannot take this anymore. Please help. I punched myself all over my body because I am so depressed." Mother had been diagnosed with depression three years prior and her mental health continued to decline. She believed people were watching her and the minor and she covered the windows in her home to prevent people from seeing in. She once told the minor that she would kill him if he ever tried to leave her. Mother was not receiving mental health services for herself and she prevented the school district from providing mental health services to the minor. During a welfare check, mother declined police officers access into her home and did not allow them to speak to the minor alone. She also informed the Agency that she would not allow social workers into her home or to speak to the minor. Family members and friends reported that mother exhibited paranoid behavior and isolated the minor in the home.

The Agency eventually obtained a warrant and was able to communicate with the minor, who admitted engaging in self-harming behavior, having past thoughts of suicide, and recently attempting suicide. He also confirmed mother's paranoid behavior.

On July 17, 2020, the Agency filed a nondetaining dependency petition on behalf of the minor, pursuant to section 300, subdivisions (b) and (c), alleging the minor was at substantial risk of serious physical and emotional harm due to mother's mental health issues and father's failure to protect the minor from mother's behaviors.

Mother requested a contested jurisdiction hearing. The court ordered mother to make the minor available to the Agency for an interview.

2

Mother testified at the contested jurisdiction and disposition hearing on October 5, 2020. She denied the minor attempted to harm himself with a knife in her presence and stated she was unaware the minor had been hitting himself. She admitted telling the social worker that people were following her, but denied having been diagnosed with any mental health conditions, or that she stayed by the window to watch for people following her or asked the minor to do so. Mother did not feel the minor needed a mental health assessment but allowed an evaluation to be done anyway due to the Agency's concerns. She testified she "wouldn't be okay" with the minor being prescribed medication for his mental health issues and she would not be comfortable with a home study.

Social worker Dana Peters testified she was unable to assess the minor because mother refused to speak with her without a court order and would not allow the Agency into her home. She further testified that mother refused to sign a release of information regarding the minor's treatment. The court sustained the petition and ordered mother to allow the social worker into the home.

The Agency reported that, despite its multiple attempts, mother continued to deny access to her home and to the minor. The Agency obtained a warrant and placed the minor in protective custody.

The minor was present with his foster parent, via videoconference, at the continued disposition hearing on October 22, 2020. The minor's counsel reported the minor was doing well in his foster placement and did not wish to return home. The Agency agreed with minor's counsel and informed the court that mother was referred to various services, including mental health assessment, parenting classes, and individual counseling. Mother's counsel argued mother allowed the social worker access to her home and therefore the minor should be returned to mother's care, noting the only reason the minor was removed was because mother refused to allow the social worker into her home. The court ordered continued out-of-home placement for the minor and reunification services for mother. The court also ordered a minimum of three hours of

3

visitation between mother and the minor every other week, giving the Agency discretion to increase the amount, and monitor telephone contact, with no calls during school hours, before 7:00 a.m., or after 8:00 p.m.

Mother filed a notice of appeal from the court's October 5, 2020, and October 20, 2020, orders.

*Agency's Section 388 Petition*

On November 16, 2020, the Agency filed a section 388 petition requesting that the court change its prior visitation order and order: (1) no contact "until the minor's therapist and [the minor] together deem visits are appropriate"; (2) a limitation on mother's right to make educational decisions for the minor; and (3) that mother participate in a psychological evaluation/assessment by an Agency-approved provider. The Agency argued the minor was unwell to visit with mother and had expressed anxiety about the idea of visiting or seeing her. The petition noted that, during the minor's initial week of placement, mother called the minor 15 to 20 times per day and called during nighttime hours, during which calls mother was crying, yelling, and screaming. As a result, the minor turned off his cell phone and complained that mother's behavior was causing him to suffer from sleeping problems.

The court heard the Agency's section 388 petition on November 19, 2020. Mother objected to the request for no visitation or contact, stating she would need to hear directly from the minor that he did not want to have any contact with her. She also objected to the remainder of the petition. The Agency reported that mother attempted to contact the minor's cousin 46 times in an attempt to locate the minor and, as a result, the maternal aunt had to change the cousin's telephone number. Mother also refused to participate in the minor's independent educational plan (IEP) meeting at the minor's school unless she was provided with contact information for the minor's confidential caretakers. The Agency further reported that mother contacted the minor's school 20 times per day in an attempt to obtain contact information for the foster caretakers.

4

Minor's counsel joined in the Agency's requested changes, arguing the minor had been "exceptionally clear" in his wish not to see mother. With regard to visitation and contact in particular, minor's counsel informed the court that mother's numerous attempts to contact the minor or his caretakers "had an incredibly deleterious effect on [the minor's] mental health" and requested that the court admonish mother not to attempt to contact or locate the minor in any way. The minor then stated on the record, "At the moment, I do not want any contact with my mother due to her mental illness."

The court found it was in the minor's best interest to limit mother's education rights. The court ordered mother to have no contact with the minor "unless and until his therapist deems that visits are once again appropriate," and admonished mother not to make any effort to contact the minor or find out where he was. The court further ordered mother to participate in a psychological evaluation.

***Agency's Application for Psychotropic Medication / Mother's Oral Section 388 Petition***

On February 18, 2021, the Agency filed an application for psychotropic medication. The physician's statement attached to the application noted the minor was placed on a section 5150 involuntary hold after attempting suicide. It was also noted that the minor was experiencing severe depression, poor concentration, low energy, suicidal thoughts, and severe audio hallucinations and individual therapy alone was insufficient to manage those issues.

At the hearing on the Agency's application on February 25, 2021, mother made an oral section 388 motion to have the minor returned to her care. Mother's counsel argued that mother believed it was unsafe for the minor to be in foster care and his recent section 5150 hold arose out of the fact that he was not home with mother. Counsel further argued the lack of contact between mother and the minor had been "damaging" to the minor and to his relationship with mother. Mother's counsel also stated mother's opposition to the application for psychotropic medication. Minor's counsel noted the minor's mental health issues predated his placement in foster care and that mother failed

5

to seek appropriate services for the minor. The minor was engaged in therapy and developing a trusting relationship with his caregiver, and he reported that the medication administered during his section 5150 hold was working well for him and he wanted to take it. The minor consulted with a psychologist who provided ongoing medication management. Minor's counsel argued there was no evidence that mother's request would be in the minor's best interest and, in fact, removing the minor from his placement and returning him to mother "would be an absolute detriment to his safety and well-being."

The court denied mother's oral section 388 petition, finding there was no change in circumstances and contact with mother would be detrimental and not in the minor's best interest. The court granted the Agency's application for psychotropic medication and ordered mother to sign a release of information in regards to her court ordered psychological evaluation.

On March 2, 2021, mother filed a notice of appeal from the court's February 25, 2021, order denying her oral section 388 petition.

*Mother's Second Section 388 Petition*

On March 22, 2021, mother filed a section 388 petition seeking to change (1) the court's October 20, 2020, order removing the minor from mother's custody and ordering no contact between mother and the minor unless approved by the minor's therapist, and (2) the court's February 25, 2021, order granting the Agency's application for psychotropic medication. Mother's petition requested a new order returning the minor to mother's custody "on an emergency basis." In support of the petition, mother attached her declaration arguing (1) it had been more than four months of no contact, (2) there had been no effort to initiate joint counseling, (3) the minor's suicide attempt was "him reaching out for help," (4) she believed the minor wanted to come home and would be safe at home, and (5) it would be in the minor's best interest to be returned to mother. Mother's declaration further argued that the minor was taking psychotropic medication over her objection and based on false statements made by the foster father and, if the

6

minor was indeed having the problems described by the foster father, it was because the minor was in foster care and not with his mother.

On March 22, 2021, the court summarily denied mother's section 388 petition on the grounds that it failed to show new evidence or a change of circumstances or that the proposed change was in the minor's best interest.

On March 30, 2021, the court reiterated its denial of mother's section 388 petition, noting its previous finding that there was no change in circumstances and the requested change was not in the minor's best interest. The social worker informed the court that the minor's therapist recommended no conjoint therapy and confirmed that contact between mother and the minor continued to be detrimental, that much of the minor's trauma was triggered by mother, and that just hearing mother's voice or having a discussion about potential future contact with mother could trigger a traumatic reaction in the minor. Minor's counsel informed the court that she and the minor reviewed mother's declaration in support of the petition, much of which the minor disagreed with. The minor was triggered by mother's face and voice and, in response to mother's claim that the minor was perfectly happy in mother's care, stated, "I was a mute who wanted to die. I was not happy." Minor's counsel stated the minor requested the court be informed that he wanted to remain in his current foster home and did not want to see or speak to mother.

On April 6, 2021, mother filed a notice of appeal from the court's March 30, 2021, order.

## DISCUSSION

Mother filed notices of appeal from the juvenile court's February 25, 2021, order denying her oral section 388 petition and from the court's March 30, 2021, order denying her written section 388 petition. Both petitions sought to have the minor returned to mother's care and challenged the court's prior no contact/visitation order and its order granting the Agency's application for psychotropic medication. Mother now challenges the court's no contact/visitation order, claiming she made a request for supervised or

7

therapeutic visitation at the March 30, 2021, hearing, and that denial of that request was an abuse of the court's discretion.

The Agency argues the scope of mother's appeal is limited to the hearings on February 25, 2021, and March 30, 2021, and, because mother failed to appeal from the court's November 19, 2020, order issuing the prohibition on contact and visitation between mother and the minor, mother is barred from raising that issue outside of the context of her section 388 petitions. We agree with the Agency and, as we will explain, mother's claim lacks merit.

A.    *February 25, 2021, Order Denying Mother's Oral Section 388 Petition*

At the February 25, 2021, hearing on the Agency's application for psychotropic medication, mother made an oral section 388 petition arguing the minor should be returned to her and that the lack of contact between mother and the minor was damaging their relationship. The court granted the Agency's application but denied mother's oral petition for failure to demonstrate a change in circumstances or that the requested change was in the minor's best interest.

"A juvenile court order may be changed, modified or set aside under section 388 if the petitioner establishes by a preponderance of the evidence that (1) new evidence or changed circumstances exist and (2) the proposed change would promote the best interests of the child. [Citation.] A parent need only make a prima facie showing of these elements to trigger the right to a hearing on a section 388 petition and the petition should be liberally construed in favor of granting a hearing to consider the parent's request." (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; see *In re Daijah T.* (2000) 83 Cal.App.4th 666, 672.) We review the denial of a section 388 petition for abuse of discretion. (*In re S.R.* (2009) 173 Cal.App.4th 864, 870; *In re J.T.* (2014) 228 Cal.App.4th 953, 965.)

Here, as a preliminary matter, mother's oral section 388 petition did not meet the minimum standards required by section 388, including that the petition be verified and

8

that it "set forth in concise language any change of circumstance or new evidence that is alleged to require the change of order." (§ 388, subd. (a)(1).) Mother's oral petition made no showing of changed circumstances or that the minor's best interests would be served by granting mother's request. Instead, mother simply argued it was unsafe for the minor to be in foster care and the lack of contact or visitation was damaging to him. The juvenile court did not abuse its discretion when it denied mother's oral petition.

B.     *March 22, 2021, Order Denying Mother's Written Section 388 Petition*

Mother filed a written section 388 petition again seeking return of the minor to her care and reversal of the November 19, 2020, no contact/visitation order. In response to the inquiries regarding changed circumstances and best interest of the minor, the petition referred to mother's attached declaration. The change of circumstances or new evidence alleged in a section 388 petition "must be of such significant nature that it requires a setting aside or modification of the challenged prior order." (*Ansley v. Superior Court* (1986) 185 Cal.App.3d 477, 485; see *In re Jamika W.* (1997) 54 Cal.App.4th 1446, 1451.) "A petition which alleges merely changing circumstances and would mean delaying the selection of a permanent home for a child to see if a parent, who has repeatedly failed to reunify with the child, might be able to reunify at some future point, does not promote stability for the child or the child's best interests." (*In re Casey D.* (1999) 70 Cal.App.4th 38, 47.) The petitioner has the burden of proof by a preponderance of the evidence. (Cal. Rules of Court, rule 5.570(h)(1)(D).) Mother did not meet her burden.

Mother's declaration makes no mention of changed circumstances. Instead, the declaration provided a narrative of events from mother's viewpoint and accusations of alleged failures and improprieties on the part of the Agency, minor's counsel, and the foster father. Even if mother had made a showing of changed circumstances, the declaration stated *mother's belief* that the minor wanted to return home and would be safe in her home and that it was in his best interest to be returned home but provided no

9

evidence to support her position. The court concluded mother's petition failed to state new evidence or a change of circumstances or demonstrate that the requested change would be in the minor's best interest. We conclude there was no abuse of discretion.

C.     *March 30, 2021, Order Confirming Denial of Mother's Section 388 Petition*

Without once mentioning the denial of either of her section 388 petitions in her opening brief on appeal, mother claims she requested supervised or therapeutic visitation at the March 30, 2021, hearing, and that the juvenile court improperly denied that request. We disagree.

As a preliminary matter, mother's claim challenges the propriety of the juvenile court's November 19, 2020, order prohibiting contact and visitation between mother and the minor. Mother did not appeal from that order, and the time within which to do so has long since passed. (Cal. Rules of Court, rule 8.104; *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1151.) Thus, mother is barred from challenging that order here on appeal.

In any event, the discussion and argument at the March 30, 2021, hearing regarding contact between mother and the minor was part and parcel of the hearing on mother's section 388 petition. As the juvenile court stated, the hearing "was calendared by Mom actually, who made a [section] 388 request" but "she hasn't even met the threshold to get this on calendar so I denied the request. However, it somehow didn't get taken off calendar so we're here today." The court noted it had previously made an order stating it was detrimental for the minor to have visitation with mother, but the detriment finding was not documented in the court's minute order. In order to rectify that problem, the court noted it conducted an "off-the-record discussion" prior to the start of the hearing and then asked minor's counsel to summarize for the record what occurred in prior hearings regarding the court's detriment finding.

Minor's counsel recounted the events of the November 19, 2020, hearing during which the court issued an order prohibiting contact between mother and the minor.

10

Counsel also recounted the events of the February 25, 2021, hearing during which the court heard mother's oral section 388 petition and found visitation with mother was detrimental to the minor. In support of mother's section 388 petition, mother's counsel argued the minor's section 5150 hold constituted a change in circumstances and that it would be in the minor's best interest to have some contact with mother (such as joint counseling). Counsel further argued that mother did not understand why she was prohibited from having contact with the minor and requested that "at the very least Mother have some kind of contact." The social worker informed the court that the minor's therapist was still of the opinion that contact between mother and the minor would be detrimental and could "trigger traumatic reactions" in the minor. Minor's counsel also informed the court that the minor had carefully reviewed mother's declaration and disputed numerous statements and claims therein. Finally, mother expressed to the court why she felt it would be in the minor's best interest to be returned to mother's care. The court confirmed its previous detriment finding for the record and noted it would revisit the issue at a future hearing scheduled for April 22, 2021.

While mother argues she properly raised the issue of visitation and contact when she "requested that the juvenile court order the Agency to comply with its statutory duty to provide her with the mandated visitation that would be necessary in order for her to reunify with [the minor]," there was no separate visitation/contact order from which to appeal. As mother properly concedes, her section 388 petition requested that the court change its November 19, 2020, no-contact order. The record shows that the court denied mother's petition after hearing argument from the parties, including argument from mother that contact in the form of therapeutic counseling would be in the minor's best interest. The court reiterated its prior finding of detriment and made no new order regarding visitation and contact between mother and the minor.

The juvenile court did not abuse its discretion in denying mother's section 388 petitions.

11

## DISPOSITION

The juvenile court's orders are affirmed.

|  |
| --- |
| /s/ |
| HOCH, J. |

We concur:

|  |
| --- |
| /s/ |
| MAURO, Acting P. J. |

|  |
| --- |
| /s/ |
| MURRAY, J. |