Filed 10/2/13  In re Cindy G. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re CINDY G., a Person Coming Under the Juvenile Court Law. | B246617<br><br>(Los Angeles County<br>Super. Ct. No. CK83847) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>CATHERINE C.,<br><br>      Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Debra L. Losnick, Juvenile Court Referee.  Reversed.

Catherine C. Czar, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Jeanette Cauble, Deputy County Counsel, for Plaintiff and Respondent.

_____

Catherine C., (Mother) appeals from orders of the juvenile court summarily denying her petition under Welfare and Institutions Code section 388, subdivision (a)(1), to modify the order denying her family reunification services with her daughter, Cindy G., and terminating her parental rights with respect to Cindy. We reverse.

**FACTS AND PROCEEDINGS**

Cindy's siblings, A.K. and S.G. were the subject of a petition under Welfare & Institutions Code section 300, subdivision (a)[1], alleging that they were at substantial risk of serious physical harm due to domestic violence between Mother and S.G.'s father (Father) in the children's presence. The juvenile court sustained the petition, removed the children from their home and ordered that they be suitably placed with monitored visitation for the parents. The parents were afforded family reunification services and ordered to attend parenting and domestic violence classes.

At the six-month review hearing in May 2011, the court terminated reunification services for A.K. and S.G. and set the matter for a permanent placement hearing under section 366.26.

Prior to the permanency planning hearing for A.K. and S.G., Mother gave birth to Cindy in August 2011. In January 2012, the Department of Children and Family Services (DCFS) filed a petition as to Cindy under section 300, subdivisions (a) and (b) based on the domestic violence between the parents including the allegation that Father hit Mother while she was pregnant with Cindy. The court initially released Cindy to Mother with family maintenance services. In February 2012, however, the DCFS removed Cindy from Mother's custody when it learned that Mother would have to leave her current residence and that she was seen with Father. Cindy was placed in the same foster home as her siblings, A.K. and S.G.

In May 2012, Mother filed a section 388 petition asking the court to restore reunification services with A.K. and S.G. In her petition Mother alleged that she had

---

[1] All statutory references are to the Welfare and Institutions Code.

completed her parenting class, was enrolled in a domestic violence program, had participated in individual counseling sessions and consistently visited the children until they were moved to a new foster home in January 2012. The petition further alleged that reinstating family reunification services would benefit the children because they knew and loved Mother; Mother has been working to provide a safe loving home for them, and Mother has "done the programs" the court asked her to do.

On May 21, 2012, the court summarily denied Mother's section 388 petition to restore reunification services with A.K. and S.G., found the children were likely to be adopted, and terminated Mother's parental rights. Mother filed a timely appeal.

On the same day, the court sustained the petition as to Cindy under section 300, subdivisions (a), (b) and (j), denied reunification services pursuant to section 361.5, subdivision (b)(10), [failure to reunify with the child's siblings] and set the matter for a permanency planning hearing under section 366.26. The court ordered monitored visits with Cindy for both parents.

In September 2012, Mother filed a section 388 petition requesting the court to order reunification services for her and Cindy. As changed circumstances Mother alleged that she had completed her domestic violence and parenting classes, was participating in conjoint therapy with Father and was visiting consistently with Cindy. Mother further alleged reunification services with Cindy were in Cindy's best interest because Cindy had lived with Mother for the first six months of her life, Mother had completed programs to ensure Cindy's safety and Mother wanted "to be there for her." The court denied a hearing on whether reunification services should be afforded Mother and ordered a hearing solely on the issue of increased visitation for Mother.

In October 2012, the court held a hearing on the section 388 petition limited to the issue of visitation and denied it. In explaining why it was denying Mother's request for reunification services without a hearing, the court stated that Mother's circumstances "could be changing" but "I don't think that the circumstances have changed." The court proceeded with the permanency planning hearing in which it found that Cindy was likely

3

to be adopted, that the "beneficial relationship" exception to terminating parental rights was not applicable. (§366.26, subd. (c)(1)(B)(i).) The court terminated Mother's parental rights as to Cindy. Mother filed a timely appeal.[2]

## DISCUSSION

Section 388 provides for modification of prior juvenile court orders when the moving party can demonstrate new evidence or a change of circumstances and that modification of the previous order is in the child's best interest. (*In re Aaliyah R.* (2006) 136 Cal.App.4th 437, 446.) "The parent seeking modification must 'make a prima facie showing to trigger the right to proceed by way of a full hearing.'" (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.) The Legislature did not intend to make this showing "unduly burdensome." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) It provided that a prima facie showing is made "[i]f it appears that the best interests of the child *may* be promoted by the proposed change of order[.]" (§ 388, italics added.) To be entitled to a hearing, the petitioner "need[] only . . . show 'probable cause'; [the petitioner is] not required to establish a probability of prevailing on [the] petition." (*In re Aljamie D.* (2000) 84 Cal.App.4th 424, 432-433.) Finally, "[t]he petition [is] liberally construed in favor of its sufficiency." (*In re Daijah T.* (2000) 83 Cal.App.4th 666, 672.) "Thus, if the petition presents *any* evidence that a hearing would promote the best interests of the [children], the court must order the hearing." (*In re Angel B.* (2002) 97 Cal.App.4th 454, 461, italics added.)

We review the juvenile court's summary denial of a section 388 petition for abuse of discretion. (*In re Angel B.*, *supra*, 97 Cal.App.4th at p. 460.)

Given the minimal showing required to obtain a hearing on a section 388 petition (see discussion, *ante*) we cannot see how Mother's petition, considered in light of the

---

**2**     Although Mother appeals from the order terminating her parental rights, her briefs do not challenge that order except to point out that if we reverse the denial of her section 388 petition, we must also reverse the termination order. (*In re A.L.* (2010) 190 Cal.App.4th 75, 80.)

entire record (*In re Angel B.*, *supra,* 97 Cal.App.4th at p. 461) failed to make a prima facie case for providing Mother and Cindy with reunification services.

Mother's petition showed that following the denial of reunification services in May 2012 she had completed her domestic violence and parenting classes, was participating in conjoint therapy with Father and was visiting consistently with Cindy. These were changed circumstances, not changing circumstances. Mother's petition further showed that Cindy had lived with Mother for the first six months of her life, Mother had completed programs to ensure Cindy's safety and that Mother wanted "to be there for her."

The DCFS offers three reasons why the court was correct in summarily denying Mother's petition. None are persuasive.

First, Mother and Father were ordered to engage in conjoint therapy in March 2012 but did not begin that therapy until August 22, 2012, less than a month before Mother filed her section 388 petition. As of September 12, 2012, they had attended "only" four sessions. A DCFS report from April 2012 shows, however, that a lack of money initially prevented Mother and Father from attending joint therapy. We note that had the court ordered reunification services, the cost of joint therapy would have been borne by the DCFS. (See *In re Anthony W.*, *supra*, 87 Cal.App.4th at p. 249.) Furthermore, Mother's and Father's attendance at four conjoint therapy sessions between August 22 and September 12 works out to one session per week. Their weekly attendance was reasonable.

Next, the DCFS points out that Mother did not regularly visit Cindy between February and July 2012. (It admits that Mother visited regularly from July 2012 to the time she filed her petition in September 2012.) The parties have not explained why Mother failed to visit consistently between February and July but the record shows that Mother was regularly visiting all three children until January 2012 when they were moved to a new foster home. (See Facts and Proceedings at p. 3, *ante*.) Experience shows that irregular visits are often the result of lack of transportation. Again, had

the court awarded Mother and Cindy reunification services those services could have included transportation assistance if necessary. (See *In re Alanna A.* (2005) 135 Cal.App.4th 555, 563 & fn. 6.)

Finally, DCFS argues that Mother's petition "was silent as to whether she and father had gained any understanding or tools necessary to provide a safe and stable home for Cindy." This is not a fair characterization of the petition. Mother stated she completed programs "to ensure [Cindy] will be safe with me and I want to be there for her." Furthermore the proper place to delve into Mother's understanding of the effects of domestic violence on Cindy and whether she has the resources to better protect Cindy and herself from domestic violence in the future is at the hearing on the petition not in the petition itself which only requires a "concise statement" of the circumstances requiring a change in the court's order. (Cal. Rules of Court, rule 5.570(a)(7).)

For the reasons stated, we conclude that the court abused its discretion in summarily denying Mother's petition for family reunification services on behalf of Cindy and herself.

## DISPOSITION

The orders denying the section 388 petition and terminating parental rights are reversed and the cause is remanded for a hearing on the modification petition.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.　　　　　　JOHNSON, J.

6