Filed 12/26/13  In re Valerie G. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re VALERIE G., a Person Coming Under the Juvenile Court Law. | B247696 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANNA L.,<br><br>        Defendant,<br><br>SAM R. et al.,<br><br>        Objectors and Appellants. | (Los Angeles County  Super. Ct. No. CK81701) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Margaret Henry, Judge.  Reversed.

        Serobian Law, Inc. and Liana Serobian for Objectors and Appellants.

        No appearance for Plaintiff and Respondent

———————————

The paternal grandparents of Valerie G. petitioned under Welfare and Institutions Code section 388[1] requesting mediation with the maternal grandparents and visitation with their granddaughter. The court summarily denied the petition. The court erred because the petition makes a prima facie showing of a change in circumstances and that visitation would be in Valerie's best interests.

## FACTS AND PROCEEDINGS BELOW

In July 2010, the court sustained a dependency petition on behalf of three-year old Valerie G. pursuant to section 300, subdivisions (b) and (g). Valerie was placed with her maternal grandmother, Anna L., who had raised her from infancy.

The court did not make an order concerning the rights of Sam and Cathy, the paternal grandparents, to visit Valerie. Nevertheless, they visited Valerie throughout the course of the dependency proceedings. Their visits were unmonitored and normally took place twice a month for two hours. The visits continued even after Valerie's father ceased visiting. Anna L., reported that the visits went well and that she had no concerns.

At a permanency planning hearing in November 2011, the court decided not to terminate parental rights but instead selected a legal guardianship with Anna L. as Valerie's permanent plan. The court issued letters of guardianship and terminated jurisdiction over Valerie. The court did not make any visitation order.

In December 2012, Sam and Cathy filed a petition under section 388 stating that for the past two months Valerie's guardian, Anna L., had not allowed them any visits with Valerie. The petition stated that it would be in Valerie's best interests to have visits with Sam and Cathy because she is bonded to them and because it is important that she know all of her family and the connections she has available to her.

The court denied the petition without a hearing. It checked boxes on a Judicial Council form which stated that the petition did not state new evidence or a change of circumstances and that the proposed order would not promote the best interests of the child.

---

[1] All statutory references are to the Welfare and Institutions Code.

2

Sam and Cathy filed a timely appeal.

**DISCUSSION**

Although the court terminated dependency jurisdiction over Valerie, it retained jurisdiction to make and modify orders regarding visitation by a parent or other relative. (Cal. Rules of Court, rule 5.735(d)(2).) Section 388 provides for modification of prior juvenile court orders when the moving party can demonstrate new evidence or a change of circumstances and that modification of the previous order is in the child's best interests. (*In re Aaliyah R.* (2006) 136 Cal.App.4th 437, 446.) "The parent seeking modification must 'make a prima facie showing to trigger the right to proceed by way of a full hearing.'" (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.) The Legislature did not intend to make this showing "unduly burdensome." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) To be entitled to a hearing, the petitioner "need[ ] only . . . show 'probable cause'; [the petitioner is] not required to establish a probability of prevailing on [the] petition." (*In re Aljamie D.* (2000) 84 Cal.App.4th 424, 432-433.) "A petition for modification must be liberally construed in favor of its sufficiency." (Cal. Rules of Court, rule 5.570(a).) Thus, "if the petition presents *any* evidence that a hearing would promote the best interests of the child, the court must order the hearing." (*In re Angel B.* (2002) 97 Cal.App.4th 454, 461.) We review the juvenile court's summary denial of a section 388 petition for abuse of discretion. (*Id*. at p. 460.)

The record shows that Sam and Cathy regularly visited Valerie from the commencement of the dependency proceedings in April 2010 until October 2012 when, for currently unknown reasons, Valerie's guardian forbade further visits. The social worker's last report on visitation stated that the visits went well and that Valerie's guardian had no concerns.

In their petition Sam and Cathy allege that Valerie "is very bonded to [them] and is always happy to see [them]." They further allege that their visits are in Valerie's best interests because they assure her that her grandparents "will be there for her" and allow her to meet and get to know "all of her family and the connections she has in her

3

world[.]" These allegations were not disputed by the guardian or the child welfare agency. They demonstrate a change in circumstances—denial of visitation with Valerie—and that visitation would be in Valerie's best interests because she has a bond with Sam and Cathy, her paternal grandparents, and the visits would allow her to get to know her other family on her father's side.

Given the minimal showing required to obtain a hearing on a section 388 petition, we cannot see how Sam and Cathy's petition, considered in light of the entire record (*In re Angel B.*, *supra*, 97 Cal.App.4th at p. 461) failed to make the grade.

## DISPOSITION

The order denying the section 388 petition is reversed and the cause is remanded for a hearing on the modification petition.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

JOHNSON, J.

4