Filed 9/20/24  In re D.T. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re D.T. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E083500 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J292608, J292609, J292610) |
| v. | OPINION |
| A.T., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Tracy M. De Soto, under appointment by the Court of Appeal, for Defendant and Appellant, A.T.

Tom Bunton, County Counsel, and Kristina M. Robb, Deputy County Counsel, for Plaintiff and Respondent.

1

## I. INTRODUCTION

A.T. (Mother) is the mother of S.T., J.T., and D.T. In March 2022, San Bernardino County Children and Family Services (CFS) filed petitions on behalf of all three children pursuant to Welfare and Institutions Code[1] section 300 et seq., alleging Mother's inability to protect her children after D.T. was hospitalized as the result of what appeared to be severe physical abuse, and Mother was unable or unwilling to provide any explanation for D.T.'s injuries. The juvenile court sustained jurisdictional allegations as to Mother, denied reunification services to Mother pursuant to section 361.5, subdivision (b)(5) and (6), and denied visitation.

In a subsequent jurisdictional and dispositional hearing pertaining to new allegations of abuse against the children's father, Mother requested the juvenile court revisit the order denying her visitation with the children. The juvenile court generally denied the request for visitation but ordered that CFS could facilitate visitation between Mother and the children in a therapeutic setting, if such visits would further the children's best interests.

On January 30, 2024, Mother filed petitions pursuant to section 388 requesting the juvenile court order reinstatement of reunification services and order CFS to arrange for visitation between Mother and each child in a therapeutic setting. The juvenile court summarily denied the petitions, and Mother appeals. We find no abuse of discretion and affirm the orders.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

## II. FACTS AND PROCEDURAL HISTORY

A. *Background*[2]

Mother is the biological mother of S.T., J.T., and D.T.  In March 2021, D.T. presented to the hospital with severe physical injuries including two spinal fractures, six rib fractures in an "L" shape on his left side, a third-degree burn on his left leg, a cut in a "Y" shape on his left hand, bruises on his body and head in different stages of healing, a bruise on his penis, and a bruise on the inside of his lower lip.  (*In re D.T.*, *supra*, E082126.)  At the time, the children were living with Mother and Mother's boyfriend, as the children's father (Father) had been incarcerated for violating a domestic violence restraining order.  (*In re D.T.*, E082126.)  When questioned by social workers, Mother provided inconsistent information and was unable to clearly explain how D.T. obtained his various injuries.  (*In re D.T.*, E082126.)

As a result, CFS filed petitions pursuant to section 300 et seq. on behalf of all three children, alleging physical abuse of D.T. in the form of nonaccidental, serious, and repeated physical harm while in Mother's care.  (*In re D.T.*, *supra*, E082126.)  Subsequent investigation suggested that both Mother and her boyfriend had participated in inflicting the injuries on D.T. in the past.  (*In re D.T.*, E082126.)  The juvenile court sustained the allegations of the petition in July 2022, ordered the children formally removed from Mother's custody, and denied Mother reunification services.  (*In re D.T.*,

---

[2]  The background is an abbreviated statement of facts taken from the factual summary provided in our opinion in Father's related appeal in this case (*In re D.T.*, *supra*, E082126) and is provided only for context.

3

E082126.)  However, the juvenile court granted reunification services to Father, whom

the children were not living with at the time D.T.'s injuries were discovered.  (*Ibid.*)

Eventually, all three children were returned to Father's custody under a plan of

family maintenance.  (*In re D.T.*, *supra*, E082126.)  In May 2023, CFS filed subsequent

and supplemental petitions for all three children pursuant to sections 342 and 387,

alleging that S.T. had reported four instances of physical abuse by Father after being

returned to Father's care.  (*Ibid.*)  As a result, the children were detained from Father, and

a new jurisdictional and dispositional hearing was set.  (*In re D.T.*, E082126.)

B.  *Relevant Reports*

In June 2023, CFS filed a report in advance of the jurisdictional and dispositional

hearing for the supplemental allegations pertaining to Father.  According to the report,

S.T. acknowledged in an interview with a social worker that his father physically struck

him on multiple occasions after he was returned to Father's custody.  In a separate

interview with a social worker, J.T. reported that Father frequently screamed at the

children and recalled witnessing Father physically strike S.T. on more than one occasion

but denied that Father ever physically hit J.T. or D.T.  Finally, in a separate interview,

D.T. acknowledged that he had witnessed Father physically hit S.T. in the past.

With respect to Mother, CFS opined that the children were not yet ready to engage

in visitation with Mother.  Specifically, CFS documented several instances in which the

children expressed fear and negative emotions toward Mother when asked about the

prospect of resuming visitation with her.  Based upon this information, CFS

recommended that the children remain in out-of-home placement and that the juvenile

court deny reunification services to both parents pursuant to section 361.5, subdivision (b)(3) and (7).

In August 2023, CFS filed an additional information report. CFS reported that Mother had completed a nurturing parent program in September 2022. CFS also reported that Mother had participated in 10 sessions of the San Bernardino County formal probation department child abuse program and appeared to be doing well in the program. Finally, CFS reported that a criminal protective order issued in favor of D.T. had been updated to permit peaceful contact between Mother and D.T.

C. *Jurisdictional and Dispositional Hearing*

On August 30, 2023, the juvenile court held a contested jurisdictional and dispositional hearing. At the time of hearing, Mother's counsel informed the juvenile court that Mother had now completed 12 weeks of the 52-week child abuse program administered by the San Bernardino County formal probation department and requested the juvenile court reinstate visitation between Mother and the children. However, the juvenile court adopted the recommendations in the jurisdictional and dispositional report, continued to deny reunification services to Mother, and declined to reinstate visitation between the children and Mother. Despite this, the juvenile court ordered that CFS could arrange for visitation between Mother and the children in a therapeutic setting, if doing so would further the best interests of the children.

D. *Mother's Section 388 Petitions*

In January 2024, Mother filed petitions pursuant to section 388 requesting the juvenile court modify its previous dispositional order by reinstating reunification services

5

for Mother and ordering CFS to provide visitation between Mother and the children in a therapeutic setting.[3]

In support of changed circumstances, Mother alleged that (1) Mother's criminal prosecution for child abuse was resolved in May 2023 by way of a plea in which Mother received four years of felony probation; (2) Mother had now completed 30 weeks of the 52-week child abuse program required as a part of her probation; (3) a prior criminal protective order in favor of D.T. had now been modified to permit Mother to engage in peaceful contact with D.T.; (4) Mother had completed a nurturing parent program in 2022; and (5) a conclusory assertion that the children now expressed a desire to see Mother. Mother also alleged that resumed visitation would be in the best interests of the children because (1) Mother had now learned coping mechanisms to avoid potential physical abuse; (2) Mother was no longer in a relationship with the boyfriend who perpetrated the physical abuse; (3) Mother was in a new relationship and had recently given birth to another child; and (4) the children should be given an opportunity to meet their new half-sibling.

The juvenile court summarily denied Mother's petitions without an evidentiary hearing, and Mother appeals from the orders denying her petitions.

### III. DISCUSSION

The only issue raised in Mother's appeal is that the juvenile court abused its discretion in summarily denying her section 388 petitions without an evidentiary hearing.

_____

[3] Mother filed a separate petition for each child, but the substance of the petitions was identical.

As we explain *post*, we find no abuse of discretion in the record before us and affirm the orders.

A.  *General Legal Principles and Standard of Review*

"Section 388 allows a parent to petition to change, modify, or set aside any previous juvenile court order.  [Citation.]  'The petitioner has the burden of showing by a preponderance of the evidence (1) that there is new evidence or a change of circumstances *and* (2) that the proposed modification would be in the best interests of the child.' "  (*In re J.M.* (2020) 50 Cal.App.5th 833, 845; § 388, subd. (a).)  "The juvenile court has discretion whether to provide a hearing on a petition alleging changed circumstances."  (*In re Aljamie D.* (2000) 84 Cal.App.4th 424, 431.)  However, a " ' "parent need only make a prima facie showing to trigger the right to proceed by way of a full hearing." ' "  (*Id.* at p. 432.)  "If the liberally construed allegations of the petition do not show changed circumstances such that the child's best interests will be promoted by the proposed change of order, the dependency court need not order a hearing."  (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250; Cal. Rules of Court, rule 5.570(d)(1).)

"We normally review the grant or denial of a section 388 petition for an abuse of discretion."  (*In re Alayah J.* (2017) 9 Cal.App.5th 469, 478.)  This includes the juvenile court's summary denial of a section 388 petition without a hearing.  (*In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1079.)

B.  *Application*

In this case, Mother's petitions requested the juvenile court reinstate reunification services and visitation with her three children.  However, the facts alleged in support of

7

the petitions did not actually address the issue of reunification services and focused solely on a request for renewed visitation. Thus, with respect to Mother's request for reinstatement of reunification services, her petitions failed to allege a prima facie case of changed circumstances such that modification would be in the best interests of the children, and the juvenile court did not abuse its discretion in summarily denying this request.

With respect to the issue of visitation, most of the facts alleged by Mother in support of her petitions had already been considered at the time of the dispositional orders, which Mother sought to modify[4] and, as a result, could not have supported a finding of changed circumstances. (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1160 [alleged steps that were already known when juvenile court made its initial order cannot constitute changed circumstances].) Once the facts already presented at the time of the dispositional hearing were disregarded, Mother's petitions actually asserted only two new facts for the juvenile court's consideration: (1) Mother had now completed 30 (as opposed to 12) sessions of her 52-week child abuse program, and (2) the children had purportedly expressed a desire to see Mother. In our view, neither of these facts were sufficient to constitute a prima facie showing of changed circumstances warranting modification of the juvenile court's prior visitation order.

---

[4] Specifically, at the time of the dispositional hearing, CFS had already notified the juvenile court that (1) Mother had completed a nurturing parent course in 2022; (2) Mother's related criminal proceeding had been resolved; (3) Mother was actively participating in an extensive child abuse program as part of the terms of her probation; and (4) the criminal protective order in favor of D.T. had been modified to permit peaceful contact with Mother.

As this court has explained, " '[n]ot every change in circumstance can justify modification of a prior order,' " and "[t]he change in circumstances supporting a section 388 petition must be material." (*In re N.F.* (2021) 68 Cal.App.5th 112, 120-121; see *In re Ernesto R.* (2014) 230 Cal.App.4th 219, 223 ["[t]o support a section 388 petition, the change in circumstances must be substantial"].) And facts that show merely " 'changing,' " but not yet " 'changed,' " circumstances are not sufficiently material to support a modification order under section 388. (*In re N.F.*, at p. 121, fn. 3; *In re Carl R.* (2005) 128 Cal.App.4th 1051, 1072 [showing only that "the circumstances were changing" is "insufficient to warrant a hearing on a section 388 modification petition"].) At best, the fact that Mother had continued to participate in additional sessions of her 52-week child abuse program showed that circumstances might be changing, but it was not sufficient to show a material change that would warrant revisitation of any prior order.

Additionally, whether a new fact is truly material for the purpose of showing a changed circumstance under section 388 is measured by the scope of the order that the petitioner seeks to modify. (*In re Edward H.* (1996) 43 Cal.App.4th 584, 592 [A changed circumstance is only material if it " 'requires changing the [court's] order.' "]; *In re A.A.* (2012) 203 Cal.App.4th 597, 612 ["[t]he change in circumstance must relate[] to the purpose of the order and be such that the modification of the prior order is appropriate"]; *In re S.R.* (2009) 173 Cal.App.4th 864, 870 [same].) Thus, even assuming Mother's

9

assertion that her children now expressed a desire to see her,[5] Mother has not explained why this fact warranted modification of the juvenile court's existing orders. Notably, the existing visitation order already permitted CFS to arrange for visitation between Mother and the children in a therapeutic setting. As a result, any renewed desire by the children to see Mother was not a material changed circumstance because the existing visitation order already permitted the parties to accommodate this desire.[6] Because Mother's petitions failed to allege facts which, if true, would establish changed circumstances warranting modification of the juvenile court's prior order, the juvenile court did not abuse its discretion in summarily denying the petitions.

We also briefly observe that, even if Mother had shown changed circumstances warranting modification of the juvenile court's visitation order, her petition also failed to show that modification was in the children's best interest. (*In re G.B.*, *supra*, 227 Cal.App.4th at p. 1157 ["[T]he parent must sufficiently allege *both* a change in circumstances or new evidence *and* the promotion of the child's best interests," and "[a] prima facie case is made if the allegations demonstrate that these two elements are

---

[5] We observe that the declaration submitted in support of the petitions was signed only by Mother's counsel. It is unclear how Mother or counsel would have been aware of any such statements by the children, since Mother has not been afforded reunification services or visitation with any of the children for more than a year prior to the filing of her petitions. We see no evidence in the record in support of Mother's assertion that the children expressed a desire to see her.

[6] In fact, the juvenile court expressly made this observation in its summary denial, stating: "The court already authorized therapeutic visits if in the children's best interest." And Mother's petitions did not contain any facts suggesting that Mother had unsuccessfully attempted to arrange for such a visit with CFS, thereby requiring intervention by the juvenile court.

supported by probable cause."]; *In re Justice P.* (2004) 123 Cal.App.4th 181, 191

["[S]ection 388 contemplates that a petitioner make a prima facie showing of both

elements to trigger an evidentiary hearing on the petition."]; Cal. Rules of Court, rule

5.570(d)(1) [A juvenile court may deny a petition under section 388, subdivision (a) ex

parte if the petition "fails to state a change of circumstance or new evidence that may

require a change of order . . . or fails to show that the requested modification would

promote the best interest of the child . . . ."].)

Notably, the alleged facts in support of the children's "best interest" asserted only

that Mother should no longer be considered a threat to the children's physical safety and

that the children could meet a new half-sibling.  However, at this point in the

proceedings, Mother's reunification services had already been terminated for over a year.

"Once reunification services are terminated (or, as in this case, never ordered in the first

place), the focus of the proceedings changes from family reunification to the child's

interest in permanence and stability," and this becomes the focus of any best interest

analysis in a section 388 petition.  (*In re G.B.*, *supra*, 227 Cal.App.4th at p. 1163; *In re

Stephanie M.* (1994) 7 Cal.4th 295, 317 ["After the termination of reunification services, .

. . 'the focus shifts to the needs of the child for permanency and stability'. . . ."].)  Thus,

in order to show that resumption of visitation would be in the children's best interest,

Mother was required to explain why doing so would advance the goal of permanency and

stability for the children.  Family reunification was no longer the primary focus, and

merely showing that family relationships could be resumed without presenting a threat to

the children does not address why resumed visits would advance the children's interest in permanency and stability.

Where the evidence proffered in support of a section 388 petition does not show changed circumstances suggesting the need to modify a prior order and does not suggest why a proposed modification would advance the best interests of the dependent children; such evidence does not show a prima facie case for relief; and the juvenile court does not abuse its discretion by summarily denying the petition without an evidentiary hearing. Thus, we conclude that Mother has not met her burden on appeal to show an abuse of discretion warranting reversal.

## IV.  DISPOSITION

The orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                              J.

We concur:

RAMIREZ _____
                  P. J.

MENETREZ _____
                  J.

12