[No. E005946. Fourth Dist., Div. Two. Feb. 6, 1990.]

NEW DAVIDSON BRICK COMPANY, INC., Plaintiff and Appellant, v.
COUNTY OF RIVERSIDE et al., Defendants and Respondents;
JOHN HARVILL et al., Real Parties in Interest.

COUNSEL

Reid & Hellyer, Enos C. Reid, Dan G. McKinney and J. Craig Williams for Plaintiff and Appellant.

Best, Best & Krieger, Richard T. Anderson, Eugene Tanaka and Christian E. Hearn for Defendants and Respondents.

Dye, Thomas, Luebs & Mort, William E. Thomas and Craig G. Riemer for Real Parties in Interest.

OPINION

**HOLLENHORST, Acting P. J.**—This case concerns the formation of a "community facilities district" (hereinafter, district) by the respondent County of Riverside (hereinafter, County) pursuant to the Mello-Roos Community Facilities Act of 1982 (Gov. Code, § 53311 et seq., hereinafter referred to as the Act and/or cited by statutory section numbers only). In particular, the dispute comes before us as a result of a challenge by appellant (hereinafter, New Davidson) to the validity of the district's formation. New Davidson prosecuted its challenge by way of a writ proceeding in the trial court, which proceeding was determined adversely to New Davidson. This appeal followed. We conclude that the appeal must be dismissed as untimely.

FACTS

▉ As noted above, we conclude that this appeal must be dismissed as a consequence of its not having been timely noticed. Therefore, an extended rendition of facts is not necessary.

In the spring of 1987, the statutory proceedings necessary to the formation of the district were initiated. (See § 53318 of the Act.) As proposed, the boundaries of the district encompassed property owned by the real parties in interest as well as property owned by New Davidson. On December 8, 1987, following a public hearing on the matter, the County adopted resolution No. 87-378, which resolution officially formed and established the district. (See § 53325.1 of the Act.)

▉ Pursuant to section 53326 of the Act, an election was conducted by the County to determine whether the district would be authorized to levy taxes to fund the operation of the district. This election was held on March 22, 1988, at which time the district was so authorized.

On April 20, 1988, New Davidson filed the within action, a petition for a writ of mandamus pursuant to sections 1085 and 1094.5 of the Code of Civil Procedure, to challenge the validity of the district's formation.

The matter was tried to the trial court, and judgment was entered in favor of County and real parties in interest on August 2, 1988. New Davidson filed its notice of appeal on September 16, 1988.

After the matter was fully briefed on appeal, we asked the parties to file supplemental letter briefs on the issue of the timeliness of New Davidson's notice of appeal in light of the time constraints set forth in section 53341 of the Act (an issue which had not been raised by any of the parties). The parties have complied with our request. Not surprisingly, New Davidson argues forcefully that section 53341 does not apply to its appeal while County argues equally forcefully to the contrary.

Further facts will be alluded to, as needed, in the discussion which follows.

## DISCUSSION

### TIMELINESS OF NOTICE OF APPEAL

We note, at the outset, the two principles of appellate jurisprudence which frame our consideration of the issue before us: First, the filing of a timely notice of appeal is *jurisdictional* with respect to our authority to consider a case. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]: "We simply hold today that when such notice has not in fact been filed within the relevant jurisdictional period—and when applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed—the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse.") Thus, a failure by New Davidson to file a timely notice of appeal in this matter would leave us no alternative but to dismiss the appeal.

Second, the issue before us is one of statutory interpretation, an issue of law over which the courts exercise final authority. (*Estate of Madison* (1945) 26 Cal.2d 453, 456 [159 P.2d 630].) In exercising this authority, we are bound by "the fundamental rule that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856], quoting from other cases.)

■ With the above principles in mind, we turn to an analysis of section 53341 of the Act.

Section 53341 of the Act states: "Any action or proceeding to attack, review, set aside, void, or annul *the levy of a special tax* or an increase in a special tax pursuant to this chapter shall be commenced within 30 days after the special tax is approved by the voters. Any appeal from a final judgment in that action or proceeding shall be perfected within 30 days after the entry of judgment." (Italics added.)[1] New Davidson concedes, as it must, that its appeal in this matter was not noticed within 30 days of the entry of judgment. However, New Davidson contends that section 53341 does not apply to its appeal because its action was not one "to attack, review, set aside, void, or annul the levy of a special tax"—but, rather, was an action to challenge the validity of the district's formation.

At first blush, there appears to be considerable merit to New Davidson's literalistic position. There is no specific tax levy which is being directly challenged by New Davidson[2]—an absence which would presumably preclude the application of section 53341 in this instance. However, a closer reading of section 53341, with commensurate attention to the implications which necessarily follow from the language used in that section, leads us to conclude that New Davidson's position is in error. In particular, and of central importance to our analysis and interpretation of section 53341, a close reading of that section highlights the fact that the actions which are addressed by section 53341 are those which: (1) constitute challenges to "the levy of a special tax"; *and* (2) are capable of being "commenced within 30 days after the special tax is approved by the voters."

The voter approval referred to by section 53341 is necessarily that which is obtained, if at all, in a section 53326 election such as the one which took place in this case on March 22, 1988. This interpretation of section 53341 is compelled by the fact that section 53326 elections are the *only* elections (other than certain elections for recreational services, appropriation limits or bonding authority which are not relevant to the issue before us) which are provided for (directly or indirectly) by the Act. It is important to note, however, that this voter approval does *not* constitute an actual tax levy.

Pursuant to section 53340 of the Act, a district *actually* levies special taxes (that is, actually imposes or assesses such taxes) by adopting an ordi-

---

[1] No "increase in a special tax" is at issue in this case, and our discussion hereinafter refers simply to a levy of a special tax. Conceptually, the "levy of a special tax" is indistinguishable from an "increase in a special tax"—an increase in a special tax is nothing more than the levy of a special tax in addition to that which has already been imposed.

[2] Indeed, we were informed during oral argument by counsel for the County that the district has yet to levy any taxes.

nance which accords with the specific taxing provisions approved by the voters in a section 53326 election.[3] While the adoption of such an ordinance obviously must take place sometime *after* a section 53326 election has been successfully conducted, section 53340 does not require that the ordinance be adopted within any *particular* subsequent time span. Thus, district special taxes might be—and almost undoubtedly *would* be—actually levied (by ordinance) sometime well after the 30-day period set forth in section 53341. In turn, inasmuch as special district taxes need not actually be levied within 30 days of the voters' approval of those taxes, section 53341's reference to actions challenging "the levy of a special tax" must be referring to something other than challenges to *actual* tax levies.

With the above in mind, the only logical interpretation which can be given to section 53341 is that the section is directed toward actions which challenge the *authority* of districts to levy special taxes—the authority which is bestowed on a district by the voters in a section 53326 election—*not* toward actions which challenge the *actual* levy of such taxes. ██ This is the only logical interpretation that can be given to section 53341 because it is the only interpretation that is fully consistent with: (1) The fact that the actions to which section 53341 refers are those which can "be commenced within 30 days after the special tax is approved by the voters"; *and* (2) the fact that the *only* pertinent voter tax approval provided for by the Act is that which is obtained in a section 53326 election.[4]

In short, section 53341 contemplates just such an action as that which was brought by New Davidson. No matter the *grounds* of New Davidson's action, the *substance* of that action is a challenge to the district's authority to subject New Davidson to a special tax levy.

---

[3] Once the initial taxing ordinance has been adopted, section 53340 provides that taxes can be levied in subsequent years by way of resolution.

[4] Our interpretation of section 53341 obviously does not rely on a *literal* reading of the phrase "any action or proceeding to attack, review, set aside, void, or annul the levy of a special tax" insofar as the levy of a tax is understood to be the actual imposition or assessment of a tax. However, "[t]he courts resist blind obedience to the putative 'plain meaning' of a statutory phrase where literal interpretation would defeat the Legislature's central objective." (*Leslie Salt Co.* v. *San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605, 614 [200 Cal.Rptr. 575].) While we would agree that the Legislature's wording of section 53341 is, at best, confusing and ambiguous, it is nevertheless clear that one of the Legislature's "central objectives" with regard to the Act as a whole is to constrain (within legally permissible limits) legal challenges to the Act. (See, e.g., §§ 53312, 53315, 53315.3, 53325.1, subd. (b), 53341 and 53359.) New Davidson's interpretation of section 53341 would serve to defeat this "central objective."

In a similar vein, we note that our interpretation of section 53341, unlike that contended for by New Davidson, gives meaning to *all* of section 53341's phraseology. It is, of course, axiomatic that, "[if] possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

We conclude that New Davidson's action is subject to the provisions of section 53341 and that New Davidson has failed to prosecute its appeal in this matter in accordance with the time constraints of that section.[5] Consequently, we are without jurisdiction either to reach the merits of New Davidson's substantive contentions on appeal or to proceed further in this matter other than by dismissing New Davidson's appeal.

### DISPOSITION

For good cause, as set forth above, the appeal herein is dismissed. Each party shall bear its own costs on appeal.

McDaniel, J., and McConaghy, J.,* concurred.

A petition for a rehearing was denied February 28, 1990, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied April 26, 1990.

---

[5] By way of additional observation, we note that our conclusion is consistent with two other factors which are present in this appeal: (1) New Davidson itself has characterized its action, both in its initial petition for a writ of mandamus and in its opening brief on appeal, as a challenge to the March 22, 1988, election. That election, contrary to New Davidson's understanding of the matter, did not *establish* the district, but, rather, merely *authorized* the district to *levy taxes* to fund the operation of the district. New Davidson has confused the import of section 53325.1, pursuant to which the County established the district by adopting a Resolution of Formation, with that of section 53326, which provides for an election to approve the levying of taxes. The election conducted by the County on March 22, 1988, was held pursuant to section 53326. Thus, New Davidson's challenge to the March 22, 1988, election *was* an indirect challenge to the levy of a special tax (or, at least, to the district's authority to levy such a tax).

(2) Our interpretation of section 53341 comports with the legislative intent expressed in section 53359 of the Act. Section 53359 states that any action brought pursuant to the "validating proceedings" set forth in the Code of Civil Procedure (at § 860 et seq.) to challenge the "validity of any special taxes" is subject to certain time restrictions, which time restrictions are identical to those which are set forth in section 53341. It is noteworthy that this statutory provision addresses challenges to the validity of special taxes as opposed to challenges to the levying of special taxes. This is further evidence that the Legislature intended the strict time constraints of the Act to apply to *any* legal challenge to the Act which is similar in substance to that which was brought by New Davidson, *regardless* of the statutory authority relied on in asserting that challenge.

*Assigned by the Chairperson of the Judicial Council.