Filed 6/12/26 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)


| | |
|---|---|
| In re the Marriage of LASHELLE and NICHOLAS CAPOS. | C104120 |
| LASHELLE CAPOS,<br>        Respondent, | (Super. Ct. No. S-DR-0057364) |
| | ORDER MODIFYING OPINION |
| v. | [NO CHANGE IN JUDGMENT] |
| NICHOLAS CAPOS,<br>        Appellant. | |


APPEAL from a judgment of the Superior Court of Placer County, Michael A. Jacques, Court Commissioner.  Affirmed.

Law Offices of Allan R. Frumkin and Allan R. Frumkin for Appellant.

Sierra Law Office of David L. Axelrod and David L. Axelrod for Respondent.


I.    THE COURT:

It is ordered that the opinion filed in this case on May 29, 2026, be modified as follows:

1.      On page 4, in the first full paragraph, after the sentence ending "for a total amount due of $768,748.65," add as footnote 3 the following footnote, which will require renumbering of all subsequent footnotes:

> The trial court's math appears to be wrong, and the total amount awarded ($768,*748*.65) does not match the total amount LaShelle requested ($768,*478*.65), but neither party mentions these discrepancies, so we do not either.

2.  On page 8, in the last sentence of the first full paragraph, the number "$2,00" is changed to "$2,000" so the sentence reads:

> Nicholas thus clearly had notice he owed LaShelle $2,000 a month in child support until their daughter turned 18.

There is no change in the judgment.

II.  BY THE COURT:

/s/
EARL, P. J.

/s/
MAURO, J.

/s/
MESIWALA, J.

Filed 5/29/26 (unmodified opinion)

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)


| | |
|---|---|
| In re the Marriage of LASHELLE and NICHOLAS CAPOS. | C104120 |
| | (Super. Ct. No. S-DR-0057364) |
| LASHELLE CAPOS,<br>　　　Respondent, | |
| v. | |
| NICHOLAS CAPOS,<br>　　　Appellant. | |


APPEAL from a judgment of the Superior Court of Placer County, Michael A. Jacques, Commissioner. Affirmed.

Law Offices of Allan R. Frumkin and Allan R. Frumkin for Appellant.

Sierra Law Office of David L. Axelrod and David L. Axelrod for Respondent.


Nicholas Capos appeals an order denying his request to vacate a prior order finding he owed his ex-wife LaShelle Campos $768,748.65 in child support arrears. We affirm.

1

## BACKGROUND

*The Prior Legal Separation Case and Judgment*

Nicholas and LaShelle Capos were married in 1991.[1] They had one child, a daughter, born in 1992. In May 1998, a judgment of legal separation was entered in case No. S-DR-10964. A marital settlement agreement was attached to and made a part of the judgment. Among other things, the marital settlement agreement provided Nicholas would pay LaShelle $2,000 a month in child support, commencing April 1, 1998, and continuing until "further order of court, the child marries, dies, is emancipated, reaches ages 19, or reaches age 18 and is not a full-time high school student, whichever occurs first." The judgment ordered the parties "to comply with each and every term and condition contained" in the marital settlement agreement. It also stated, "Jurisdiction is reserved to make other orders necessary to carry out this judgment." The judgment was never appealed.

*The Present Dissolution Case*

In October 2019, LaShelle filed a petition for dissolution of marriage utilizing Judicial Council form FL-100.[2] She checked a box stating, "There are no minor children" (we note the couple's daughter was in her late 20s when the petition was filed). She also checked boxes indicating she wanted the court to confirm the parties' separate property and determine their rights to community assets and debts. She sought one half of the community property interest in Nicholas's retirement funds and stated she would seek leave to amend the petition to allege specific separate property and community property when ascertained.

---

[1] As is common in dissolution cases, we refer to the parties by their first names to avoid confusion and mean no disrespect.

[2] In family law cases, the parties are generally required to use forms approved by the Judicial Council. (See Cal. Rules of Court, rules 5.50, 5.60, 5.66, 5.92.)

In November 2019, Nicholas, appearing in propria persona, filed a response and request for dissolution utilizing Judicial Council form FL-120. Like LaShelle, he checked the box noting, "There are no minor children," and boxes indicating he wanted the court to confirm the parties' separate property and determine their rights to community property. Among other things, he requested that LaShelle be ordered to pay certain outstanding tax bills and to compensate him for the loss of his "rock album collection (~360 albums years 1958-1977)." At the time he filed his response, Nicholas was incarcerated in federal prison in Oregon.

In May 2020, LaShelle filed a request for order for bifurcation and termination of marital status utilizing Judicial Council form FL-300. She did not check any boxes for child support. She did, however, attach and include a request for separate trial utilizing Judicial Council form FL-315, and in a declaration in support of the request she stated: Nicholas had never paid her child support; their daughter was emancipated in August 2010 at the age of 18; and Nicholas owed her 153 months of unpaid child support, along with interest thereon, for a total amount due of $768,478.65. She asked the court to confirm this amount and set up a payment plan. The request included notice that a hearing would be held on August 11, 2020.

On or about July 24, 2020, Nicholas, once again appearing in propria persona, filed a responsive declaration to the request utilizing Judicial Council form FL-320. His declaration included what he titled "Child Support Arrears Rebuttal." In it, he stated LaShelle received monthly checks from him totaling over $1 million from May 1998 through December 2012. He also stated LaShelle wrote herself checks totaling over $1.5 million from 2013 through 2016, and she extracted this money from his cardiovascular business. Finally, he stated all payments required by the marital separation agreement "are covered or exceeded by the quantity of money removed by [LaShelle]," and he requested that her claim for child support payments be rejected in its entirety. He also stated, "Present incarceration status obstructs my ability to prepare for hearings, gather

3

multi scattered records, and secure private legal representation. Widely dispersed bank records will provide petitioner's claims of child support are baseless." (Fn. omitted.) We see nothing in the record that suggests he sought to continue the hearing or made arrangements to attend the hearing by telephone, video conference, or other electronic means.

A hearing was held on August 11, 2020. It appears LaShelle and her attorney were present, but Nicholas was not. The record does not contain a minute order or a transcript of the hearing. On October 23, 2020, the court entered findings and an order after hearing utilizing Judicial Council form FL-340. We will refer to this as the 2020 order. The 2020 order (1) granted the motion for bifurcation and terminated the marriage and (2) found Nicholas was in arrears to LaShelle for child support from April 1, 1998, to August 2020, in the principal amount of $296,774, with interest in the amount of $471,404.65, for a total amount due of $768,748.65. The 2020 order was not appealed.

A little over four years later, in late 2024, Nicholas (now represented by counsel) filed a request to vacate the child support portion of the 2020 order. In support of the request, he argued the 2020 order was void for lack of due process. He noted that on the dissolution petition, LaShelle checked the box stating, "There are no minor children," and he argued, "Without any minor children the court lacks inherent jurisdiction to provide for the minor children" by awarding child support. He also noted that on the subsequent request for order, LaShelle did not check the boxes regarding child support, and thus failed to provide him with "formal notice of all the relief" she was seeking.

LaShelle filed an opposition to the request, but it is not part of the record. According to a transcript of the hearing, however, it appears she argued Nicholas's request was untimely because it was filed more than six months after the 2020 order was entered, in contravention of Code of Civil Procedure section 473 and Family Code

4

sections 3690 and 3691.[3]  The trial court agreed the request was untimely, and on May 19, 2025, it entered findings and an order after hearing denying Nicholas's request to vacate the child support portion of the 2020 order.  We will refer to this as the 2025 order.

Nicholas filed a notice of appeal from the 2025 order.

## DISCUSSION

### 1.  Jurisdictional Issues

We begin by addressing two jurisdictional issues:  (1) whether the appeal is timely, and (2) whether the 2025 order is appealable.

LaShelle argues the appeal is untimely, and if this is true, we would have no jurisdiction to consider it.  (See *New Davidson Brick Co. v. County of Riverside* (1990) 217 Cal.App.3d 1146, 1149 ["the filing of a timely notice of appeal is *jurisdictional* with respect to our authority to consider a case"].)  LaShelle notes Nicholas failed to file a timely notice of appeal from either (1) the 1998 judgment of legal separation or (2) the 2020 order finding Nicholas owed LaShelle $768,748.65 in child support arrears.  This is true, but Nicholas is not appealing the 1998 judgment or the 2020 order.  He is appealing the 2025 order denying his request to vacate the child support portion of the 2020 order.

---

[3]  Code of Civil Procedure section 473 provides the court may relieve a party from an order taken against him or her due to "mistake, inadvertence, surprise, or excusable neglect," but only if an application for such relief is filed no later than six months after the order was issued.  Family Code section 3690 provides, "The court may … relieve a party from a support order … after the six-month time limit of Section 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in this article."  Family Code section 3691 provides three grounds for setting aside a support order — actual fraud, perjury, and lack of notice — and specifies time limits for each ground.  Family Law section 3691 also makes it clear that lack of notice is limited to instances "[w]hen service of a summons has not resulted in notice to a party in time to defend the action for support and a default or default judgment has been entered against the party in the action" — which is not the case here.

That order was issued on May 19, 2025, and the notice of appeal was filed on June 16, 2025. Assuming the 2025 order is appealable, the appeal is timely.

Although denominated "findings and order after hearing," both parties characterize the 2020 order as a judgment. However it is denominated, LaShelle also notes the 2020 order was appealable, and we agree. The 1998 judgment ordered Nicholas to pay LaShelle child support, the 2020 order established the amount of child support arrears and interest owed, and a long line of cases hold "[p]ostjudgment orders relating to child support arrears are appealable." (*S.C. v. G.S.* (2019) 38 Cal.App.5th 591, 597; see also *In re Marriage of Brinkman* (2003) 111 Cal.App.4th 1281, 1287 [same]; *In re Marriage of Tibbett* (1990) 218 Cal.App.3d 1249, 1250, fn. 3 ["The order determining arrearages and compelling payment of support is an appealable order"].) The 2020 order was thus appealable. Nicholas, however, did not file a notice of appeal regarding that order and the time to do so has long since passed. "Ordinarily, the failure to file a timely appeal from an appealable order precludes a party from obtaining appellate review of the issues determined therein." (*In re Marriage of Curtis* (1992) 7 Cal.App.4th 1, 6-7.)

Again, however, Nicholas is not appealing the 2020 order; he is appealing the 2025 order denying his motion to vacate the 2020 order. As a general rule, an order denying a motion to vacate a judgment or an appealable order is *not* appealable, "otherwise, an appellant would receive 'either two appeals from the same decision, or, if no timely appeal has been made, an unwarranted extension of time in which to bring the appeal.' " (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 690; see also *County of Ventura v. Tillett* (1982) 133 Cal.App.3d 105, 110 ["Generally, an order denying a motion to vacate a judgment is not appealable, since such an appeal would be the equivalent of allowing two appeals from the same judgment"].) At first blush, it thus appears Nicholas filed a timely appeal from an unappealable order.

There is an exception to the general rule, however, "when the underlying judgment is void. In such a case, the order denying the motion to vacate is itself void and

6

appealable because it gives effect to a void judgment." (*Carlson v. Eassa, supra*, 54 Cal.App.4th at p. 691.) In *County of Ventura v. Tillet*, the court thoroughly explained the basis for this exception: "Since a court of this state does not have jurisdiction to render a judgment [or order] that violates the California Constitution or the Constitution of the United States, the defendant's argument is, essentially, that the superior court's judgment was in excess of jurisdiction. [Citations.] A judgment is void on its face if the court which rendered the judgment … exceeded its jurisdiction in granting relief which the court had no power to grant. [Citations.] If the judgment is void, it is subject to collateral attack. [Citation.] One method of such an attack is a subsequent motion to vacate or set aside the judgment as void. [Citation.] The motion may be filed at any time after judgment. [Citations.] The order denying or granting the motion is a special order made after entry of judgment, and it may be directly attacked on appeal under Code of Civil Procedure section 904.1, subdivision (b). [Citations.] The reason for allowing the appeal is that an order giving effect to a void judgment is also void and is subject to attack. [Citation.] Thus, when an appellant attacks an order on the ground that it gives effect to a judgment that is void … , the general rule prohibiting appeal does not apply. It is a special order, and it may be appealed if the underlying judgment was appealable." (*County of Ventura v. Tillet, supra*, 133 Cal.App.3d at pp. 110-111; see also *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292 [denial of motion to vacate an "allegedly void" order is an appealable order].)

This exception is the basis for Nicholas's appeal. He contends the 2020 order was void because it was obtained without due process. He cites the rule that "a judgment void for lack of due process notice … is subject to attack at any time." (*Ansley v. Superior Court* (1986) 185 Cal.App.3d 477, 488; see also *Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 138 ["a party may collaterally attack a void judgment or order at any time"]; *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 210 [order entered in violation of due process is void].) He also cites the rule that "[i]t is a fundamental

7

concept of due process that a judgment against a defendant cannot be entered unless he was given proper notice and an opportunity to defend." (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166 (*Lippel*).) We will address the merits in this appeal because Nicholas moved to vacate the 2020 order on the asserted ground that it was void.

*2. Analysis*

Nicholas's due process argument is based on lack of notice, but his lack of notice argument is somewhat unique. He does *not* contend he had no notice of the judgment of legal separation entered in 1998, or of the marital settlement agreement, which was attached to and made a part of the judgment. The marital settlement agreement provided he owed LaShelle $2,000 a month in child support beginning in April 1998 and continuing until their daughter turned 18 (which occurred in August 2010), and the judgment of legal separation ordered the parties "to comply with each and every term and condition contained" in that agreement. Nicholas thus clearly had notice he owed LaShelle $2,00 a month in child support until their daughter turned 18.

Nicholas also does not contend he had no notice of the dissolution petition, and, in any event, he filed a response to the petition. In a family law proceeding, "a respondent is deemed to have made a general appearance … when he or she files … [¶] … [a] response" (Cal. Rules of Court, rule 5.62(b)), and a general appearance waives objections based on lack of notice (*Zaragoza v. Superior Court* (1996) 49 Cal.App.4th 720, 722, 726; *Lacey v. Bertone* (1949) 33 Cal.2d 649, 651). Nicholas thus had notice of the dissolution petition.

Finally, Nicholas does not seriously contend he had no notice LaShelle had requested an order confirming he owed her $768,478.65 in child support arrears and interest, and, again, he filed a response to that request on the merits and argued all payments required by the marital settlement agreement had been paid and he did not owe her anything. "[O]pposing a motion on the merits[] ordinarily constitute[s] a general appearance," and Nicholas thus cannot contend he had no notice LaShelle sought an

8

order confirming he owed her child support arrears and interest. (*Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1029; see also *Levine v. Berschneider* (2020) 56 Cal.App.5th 916, 923 ["Appellant made a general appearance when he filed a written opposition to the ex parte application in which he addressed the merits of the application"].)

Nicholas's lack of notice argument is based entirely on the boxes LaShelle checked or failed to check on the dissolution petition and the subsequent request for order. On the dissolution petition, LaShelle checked a box noting, "There are no minor children," and Nicholas argues she thus failed to provide him with notice she would be seeking child support arrears in connection with the dissolution petition. We disagree. The dissolution petition was filed in 2019, and Nicholas and LaShelle's daughter was born in 1992 and was thus in her late 20s when the petition was filed. "There are no minor children" is thus the only box LaShelle could (truthfully) check. Nicholas also states LaShelle "did not check the box to request child support." The dissolution petition, however, does not have a box to check to request child support. Instead, it simply states, "If there are minor children born … before or during this marriage … , the court will make orders for the support of the children upon request." (Judicial Council Forms, form FL-100, p. 2.)

Nicholas also complains LaShelle failed to check the box requesting child support when she filed the subsequent request for order. That request (Judicial Council Forms, form FL-300) *does* have boxes to check regarding child support. In particular, it has a box to check to "request that the court order child support" for each identified child, and a box to check to request that the court "change a current court order for child support." As noted above, the judgment of separation entered in 1998 had already ordered Nicholas to pay $2,000 a month in child support, and as LaShelle correctly notes, the filing of the dissolution petition in 2019 did not nullify the child support order or absolve Nicholas of

9

his obligation to pay child support.[4]  LaShelle thus was not asking the court to order child support because it had already been ordered, and she was not asking the court to change the order for child support.  Instead, she was effectively asking the court to enforce the 1998 child support order by confirming Nicholas owed her child support arrears and interest thereon in the amount of $768,478.65.

Moreover, and more importantly, Nicholas completely ignores the fact that a request for separate trial was attached to the request for order.  The reason for the request was explained in LaShelle's supporting declaration, in which she stated Nicholas had never paid her child support despite having been ordered to do so in the 1998 judgment.  LaShelle also explained the basis for her calculation that Nicholas owed her $786,478.65 in child support arrears.  Simply put, Nicholas had notice of precisely what relief LaShelle was seeking, and he filed a response on the merits.  His due process argument based on lack of notice thus fails.

Nicholas cites *Lippel, supra*, 51 Cal.3d 1160 for the proposition that LaShelle's failure to check the child support boxes on the request for order renders the 2020 order void.  *Lippel* is distinguishable for several reasons.  In that case, the wife filed a form

---

[4]  Indeed, as a matter of law, the dissolution petition could not nullify the child support order or relieve Nicholas of his obligation to pay child support.  Child support judgments and orders are "enforceable until paid in full or otherwise satisfied," and are "exempt from any requirement that a judgment be renewed."  (Fam. Code, § 291, subds. (a), (b).)  Child support obligations are not dischargeable in bankruptcy.  (11 U.S.C. § 523(a)(15); *County of Los Angeles v. Soto* (1984) 35 Cal.3d 483, 488.)  "[I]nterest on unpaid child support payments accrues as a matter of law as to each installment when each installment becomes due."  (*In re Marriage of Hubner* (2004) 124 Cal.App.4th 1082, 1089.)  An action to recover child support arrears plus interest may thus be maintained at any time, even after the child has reached the age of majority.  (Fam. Code, §§ 4502, 4503.)  "[A] trial court has no discretion to absolve an obligor of support arrearages, or interest thereon."  (*In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 626.)  And "neither arrearages nor accrued interest may be discharged retroactively."  (*In re Marriage of Robinson* (1998) 65 Cal.App.4th 93, 98.)

10

dissolution petition that — unlike the form petition in this case — contained a box relating to child support that stated, " 'Petitioner requests that: … (c) Support of children be awarded if need is found,' " but the wife left that box blank.[5] (*Lippel*, at p. 1163.) The husband was served with a summons and a copy of the petition, but he did not file a response, and his default was entered. (*Ibid*.) A month later, the court entered an interlocutory judgment of dissolution and ordered the husband to pay the wife $100 a month in child support "[d]espite the fact that [the wife] had not requested such relief in her petition." (*Id*. at p. 1164.) The husband was never served with a copy of the judgment. (*Ibid*.)

For the next 16 years, the husband maintained a close relationship with his daughter, bought her clothes, school supplies, and personal items, and assumed custody of her for various periods. During this time, the wife never mentioned the support order and the husband was unaware of its existence until the City and County of San Francisco, which had been paying Aid to Families with Dependent Children (AFDC) to the daughter, sought an assignment of his wages. (*Lippel, supra*, 51 Cal.3d at p. 1164.) The trial court found the husband owed over $18,000 to the county for reimbursement of AFDC funds paid to support the daughter and ordered a deduction from his wages until the amount was paid in full. The husband moved to vacate the child support portion of the interlocutory judgment, arguing it was void because it awarded his wife "relief she had not requested, and of which he had no notice before he allowed his default to be entered." (*Ibid*.) The trial court denied the motion, the appellate court affirmed, and our

---

[5] The current form dissolution petition that LaShelle used does *not* contain a box to check that states, " 'Petitioner requests that: … (c) Support of children be awarded if need is found.' " (*Lippel, supra*, 51 Cal.3d at p. 1163.) Indeed, and as noted above, it does not contain any boxes to check regarding child support, and simply states, "If there are minor children … the court will make orders for the support of the children upon request and submission of financial forms by the requesting party." (Judicial Council Forms, form FL-100, p. 2.)

11

Supreme Court reversed. (*Id*. at p. 1165.) Its decision was based on Code of Civil Procedure section 580, which provides, "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint." The *Lippel* court noted, "The 'primary purpose of the section is to guarantee *defaulting parties* adequate notice of the maximum judgment that may be assessed against them.' " (*Lippel*, at p. 1166, italics added.) It also noted, "The logic underlying this principle is simple: a defendant who has been served with a lawsuit has the right, in view of the relief which the complainant is seeking from him, to decide not to appear and defend. However, a defendant is not in a position to make such a decision if he or she has not been given full notice. The instant case is a prime example of the foregoing; the petition which was served on [the husband] sought no monetary relief from him. Therefore, there was no incentive for [him] to appear and defend." (*Ibid*.)

This case is distinguishable because: (1) Nicholas's default was not taken in either the 1998 legal separation case or the 2019 dissolution case; (2) LaShelle clearly stated in the request for order that she was seeking an order confirming Nicholas owed her $768,478.65 in child support arrears; and (3) Nicholas appeared and defended (at least in writing) against the request for child support arrears. *Lippel* thus provides no support for Nicholas's arguments.[6]

---

[6]    Neither do the other default judgment cases Nicholas cites: *Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 ("a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction"); *In re Marriage of Eustice* (2015) 242 Cal.App.4th 1291, 1304 (" 'The purpose of section 580 is to assure a defendant that if he does not contest the action, the judgment taken against him will not go beyond the prayer of the complaint' "); *In re Marriage of Andresen* (1994) 28 Cal.App.4th 873, 878 ("The primary purpose of section 580 is to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them"); *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 ("a court has no power to enter a default judgment other than in conformity with section 580" and may not award damages in excess of amount prayed for in the complaint); *National Diversified Services, Inc. v.*

Finally, we note Nicholas makes passing reference to the fact that he was not present at the August 2020 hearing and was not represented by counsel at the time. To the extent he contends this constituted a due process violation, we note he cites no legal authority for such a contention. "It is the responsibility of the appellant … to support claims of error with meaningful argument and citation to authority. [Citations.] When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

## DISPOSITION

The 2025 order is affirmed and LaShelle shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/
EARL, P. J.

We concur:


/s/
MAURO, J.


/s/
MESIWALA, J.

---

*Bernstein* (1985) 168 Cal.App.3d 410, 418 ("it would be improper to grant a default judgment in excess of" amount prayed for or alleged in complaint).